CASE 47—PETITION EQUITY—JULY 14.

# Smith, &c., vs. Wilson.

### APPEAL FROM NELSON CIRCUIT COURT.

1. A mortgage executed in November, 1853, by a married woman jointly with her husband, whereby she conveyed real estate, of which she was the legal owner, to secure a debt of her husband, was valid and binding upon her under the laws in force at the date of its execution.

2. There is nothing in the act of 1846, for the protection of married women, nor in the substantial re-enactment of its provisions as contained in the Revised Statutes, which can be construed as at all affecting the laws then and now in force regulating conveyances by husband and wife.

3. The comprehensive power of alienation conferred upon married women by the 20th section of the chapter on Conveyances, Revised Statutes, page 199, is restricted by but one provision of the Revised Statutes, to be found in the 17th section of art. 4 of title Husband and Wife, page 395, which prohibits a married woman, under certain circumstances, from alienating or *incumbering* her *separate estate*, and has no application to, and cannot affect the right or power of, a married woman to convey her *legal* or general estate in the mode prescribed by law.

JOHN E. NEWMAN, for appellants, cited *Ward vs. Gray, MS. opin.; act of* 1846, *to protect the rights of married women; Rev. Stat., page* 388, *title Husband and Wife, sub-div.* 1, *of sec.* 1; 12 *B. Mon.,* 330; *Rev. Stat.,* 199, *secs.* 20, 21, *title Conveyances;* 2 *B. Mon.,* 205; 17 *B. Mon.,* 60; 5 *J. J. Mar.,* 119; 12 *B. Mon.,* 664; *Rev. Stat.,* 395, *sec.* 17.

JAMES HARLAN, for appellee, cited *Rev. Stat.,* 199, *sec.* 20, *title Conveyances*.

WM. JOHNSON on same side.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This action was instituted by Wilson to foreclose a mortgage which had been executed in November, 1853, by Caruthers and wife, to secure the payment of a debt, evidenced by a note of the same date to Wilson for $377 50, the note being also signed by Caruthers and wife. The real estate conveyed by the mortgage was the property of Mrs. Caruthers, having been conveyed to her by deed in June, 1850, she being then a *feme sole*.

After the execution of the mortgage and note Caruthers died, and his widow having intermarried with Smith, this action was brought against the two jointly.

Smith and wife answered, relying upon various grounds of defense. They charge that Mrs. Smith, being then the wife of Caruthers, was compelled to execute the note and mortgage by reason of his threats and coercion; that the house and lot conveyed was her property; that the debt secured by the mortgage was the debt of Caruthers; and that as to her the note and mortgage were alike inoperative and void.

The court below rendered judgment, subjecting to sale so much of the property conveyed as might be sufficient to pay the plaintiff's debt and costs; and from that judgment Smith and wife have appealed.

The record contains no evidence of the alleged threats and coercion on the part of Caruthers in procuring the execution of the mortgage.

Neither was it alleged or proved that the debt secured by the mortgage was contracted for necessaries furnished Mrs. Caruthers or her family. And it may also be conceded that the note executed by her was inoperative and ineffectual for any purpose, so far as she is concerned, but that the debt created by it was the sole debt of her husband.

So that the question substantially presented by the record is, whether the mortgage executed by Mrs. Caruthers, jointly with her husband, whereby she conveyed real estate of which she was the legal owner to secure a debt of her husband, was valid and binding upon her under the laws in force at the date of its execution in 1853?

By the Revised Statutes, (*sec.* 20 *of the chapter on Conveyances,* *p.* 199,) it is provided that "married women may convey any real or personal estate which they own, or in which they have an interest, legal or equitable, in possession, reversion, or remainder."

It cannot be doubted that the terms of this section, taken in connection with the section immediately succeeding, are sufficiently comprehensive to embrace not only every conceivable interest which a married woman may own in property, real or personal, but also every conceivable form and mode and purpose of a conveyance *by deed.* And we certainly need not stop to argue that a deed of trust or mortgage is a *conveyance by deed,*

in the legal sense of that phrase as used in the statute. This very chapter on "Conveyances" includes several sections relating exclusively to deeds of trust and mortgages which *convey* a legal or equitable title to real and personal estate. As was said by this court in the case of *Scarborough vs. Watkins*, (9 *B. Mon.*, 544,) the statutes referred to "are sufficiently comprehensive to empower a married woman to make a deed of any description; not merely a deed of bargain and sale, founded upon a valuable consideration, but a deed of gift, *or of mortgage*, or release, or a deed of conveyance for any purpose whatever." And such deed, when made and acknowledged by the parties with all the legal formalities required by the statute, becomes as effectual for every purpose, and as obligatory upon the married woman, as if she had been at the time a *feme sole*.

The comprehensive power of alienation conferred upon married women by the 20th section *supra*, is restricted by but one provision of the Revised Statutes, and that is to be found in the 17th section of article 4, of title Husband and Wife, (*page* 395,) which prohibits a married woman, under certain circumstances, from alienating or *incumbering* her *separate estate*. But it is hardly necessary to remark that the provisions of that section have no application to, and cannot affect, the right or power of a married woman to convey her *legal* or general estate in the mode prescribed by law.

But it is supposed by the counsel for the appellants that a further restriction upon the power of a married woman to convey her real estate, is to be deduced from the provisions contained in article 2 of the same chapter, which define and limit the marital rights of husband and wife with respect to the property of each.

By the first section of that article, the real estate and slaves owned by the wife, and the rents and hires thereof, are exempted from any liability for the debts of the husband; but they shall be liable for her debts, contracted before marriage, "and for such contracted after marriage on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing signed by her and her husband."

Can it be supposed that the legislature intended, by thus placing beyond the reach of the husband's creditors the real estate and slaves of the wife, so to modify her right to convey both classes of property by deed, as to prohibit any conveyance by her of her lands or slaves, which may operate either as a payment or security of a debt of the husband? Suppose that instead of a deed of mortgage to *secure* the debt to Wilson, Caruthers and wife had executed an absolute deed of conveyance for the land, for the purpose of *paying* that debt, would the chancellor have listened to an application on the part of the wife to have such deed set aside upon the ground that her real estate was by law exempt from liability for her husband's debts, and that, therefore, her conveyance, although executed voluntarily and according to all the requirements and forms of the statute, should, nevertheless, be held inoperative as to her, because it was in effect an application of her estate to the payment of the debts of her husband? And yet the construction of the statute here contended for, and the same reasons of policy upon which the mortgage in this case has been assailed, would apply to every absolute conveyance, by husband and wife, of the real estate or slaves of the latter, where it could be shown that it had been made with a view to enable the husband to appropriate the proceeds to the payment of his pre-existing debts.

It has been held by this court, that a conveyance by husband and wife of the real estate of the latter to a third person, under an agreement expressed on the face of the deed that the estate was to be reconveyed to the husband, was effectual for the purpose of investing the title in the husband, and that the transaction was not prohibited by any rule of law or public policy, being shown to have been fair and untinctured with fraud. (*Scarborough vs. Watkins, supra.*) And in answer to the same objection, founded on the same considerations of public policy which have been urged here, the court in that case said: "It is only necessary to consider the effect of almost every conveyance of the wife's real estate, made by her and her husband, to perceive the fallacy of this argument. If made upon a sale of the property, the money arising from the sale

vests in the husband, and he can use it according to his discretion. In such a case the conveyance is substantially for the benefit of the husband; as much so as if the title was transmitted to him. If the doctrine were established that conveyances made for the purpose of vesting the title to the real estate of the wife in the husband are void, the same result would be accomplished by a sale of the estate for money which would belong to the husband. There is no greater reason to infer an improper influence by the husband in the one case than in the other." This case arose on a conveyance executed before the passage of the act of 1846, for the protection of married women; but, as already shown, there is nothing in that act, nor in the substantial re-enactment of its provisions as contained in the Revised Statutes, which can be construed as at all affecting the laws then and now in force regulating conveyances by husband and wife.

The appellant (Mrs. Smith) having executed this conveyance in the mode and according to the forms prescribed by law, must be presumed to have acted voluntarily, and free from the influence or coercion of her husband, in the absence of any evidence of improper conduct on his part, and she was, therefore, properly held bound by her deed.

The judgment is affirmed.