CASE 44—PETITION EQUITY—APRIL 19.

# Hobson, &c. v. Hobson's executor.

### APPEAL FROM WARREN CIRCUIT COURT.

1. A MARRIED WOMAN MAY ALIENATE OR MORTGAGE HER ESTATE to secure the prior debts of her husband. (Smith, &c. v. Wilson, 2 Metcalfe, 235; Johnson v. Ferguson, 2 Metcalfe, 503; Sharp's adm'r v. Proctor's adm'r, &c., 5 Bush, 396.)
2. A MARRIED WOMAN DOES NOT BECOME THE SURETY OF HER HUSBAND BY EXECUTING A MORTGAGE on her land in conjunction with her husband to secure a note of his to which she was not a party. *Such a mortgage operates as a security or pledge.*
3. The statute of limitation providing that a surety "shall be discharged from liability thereon when seven years shall have elapsed without suit after the cause of action accrued," should not be so applied as to affect the rights of creditors holding mortgages or pledges made or created according to the laws governing such securities.
4. The mortgage of a married woman to secure a debt of her husband to which she was not a party is foreclosed in this case in a suit instituted more than seven years after the cause of action accrued.

RODES & CLARK, . . . . . . . . . For Appellants.

J. R. UNDERWOOD, . . . . . . . . For Appellee,

### CITED

5 Bush, 396, Sharp's adm'r v. Proctor's adm'r.
2 Metcalfe, 235; Smith, &c. v. Wilson.
2 Metcalfe, 505, Johnson v. Ferguson.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

On the first day of January, 1861, William J. Hobson executed and delivered his promissory note to Jonathan Hobson for two thousand dollars, payable six months thereafter, with interest from date; and at the same time, and for the purpose of securing the payment of said debt, the obligor, with his wife, Harriet A. Hobson, made, acknowledged, and delivered

to Jonathan Hobson their joint deed of mortgage of certain real and personal estate owned by the female grantor as a devisee of Edmund Duncan, deceased.

The mortgagee having died, J. R. Underwood, his executor, brought this suit, seeking a foreclosure of the mortgage, on the 6th day of January, 1869.

Said Harriet A. Hobson not having united in the note, and her husband being discharged therefrom in bankruptcy, the principal question presented by the defense was whether, as the execution of the mortgage was in effect an act on the part of Mrs. Hobson for the purpose of rendering her property a security for the debt of her husband, the mortgage was or not of that class of obligations or contracts executed by sureties which, as to them, are discharged after the lapse of seven years from the accrual of the cause of action thereon, by section 14 of chapter 97 of the Revised Statutes. The court below, it appears, held the defense unavailable, and rendered a judgment providing for a foreclosure of the mortgage; and this appeal is prosecuted for a reversal of that judgment.

The right of a married woman, under our statutes regulating conveyances, to alienate or convey her general estate, even by mortgage to secure the prior debts of her husband, is now too well settled to admit of a doubt. (Smith, &c. v. Wilson, 2 Met. 235; Johnson v. Ferguson, *ibid.* 503; Sharp's administrator v. Proctor's administrator, &c., 5 Bush, 396.)

But, conceding this, it is insisted for the appellee that although Mrs. Hobson was not a co-obligor with her husband in the note to Jonathan Hobson, her attitude was nevertheless that of a surety for him within the meaning of the statute to which we have referred concerning sureties and co-obligors. This, in our opinion, involves a misapprehension of the scope and legislative intention of the statute, which is as follows: "A surety in any obligation or contract, other than those provided for in the next two preceding sections, shall be dis-

Hobson, &c. v. Hobson's executor.

charged from liability thereon when seven years shall have elapsed without suit thereon, after the cause of action accrued."

We know that the terms *surety* and *security* are sometimes used as synonymous, and it may be admitted as true that a bond or obligation with surety is a *security*, for the latter term includes it, as well as mortgages, pledges, or whatever else may be given, conveyed, or deposited to secure the payment of a debt or the performance of a contract. But it is manifest that the rights and obligations pertaining to the latter kinds of securities are essentially different from those which are acquired and incurred by the act of a party in becoming the *surety* of another in an ordinary bond or obligation. That description of security is clearly comprehended by the provision of the statute referred to, both by the apt and appropriate language used, and the connection of the section with other provisions of the same chapter relating to sureties and co-obligors. But we can not conclude that the legislature intended by the use of the word *surety* that the limitation it provided should be so applied as to affect the rights of creditors holding mortgages or pledges made or created according to laws governing such securities instead of personal security for their debts.

The judgment is therefore affirmed.