## REUBEN GENTRY *v.* E. D. WHITTAKER ET AL.

**Mortgages—Judgment—Burden of Proof.**

    Where one, by payment of the purchase-price of land as surety, became substituted to the rights of the mortgagee, in a suit to enforce his rights under the mortgage, he has a prima facie right to a judgment upon the pleadings, and the burden is on the defendant to make out his defense.

APPEAL FROM OWEN CIRCUIT COURT.

December 9, 1873.

OPINION BY JUDGE LINDSAY:

Reuben Gentry, was compelled to pay $2,200 to redeem his land. Of this amount he paid four hundred dollars in money. The remaining $1,800 he secured by note, payable to Parish, the creditor of Whittaker. Less than a month after the consummation of this arrangement, on the 6th of March, 1862, he received $1,200 to be applied to the judgment of what he owed, on the faith of the mortgage executed by Whittaker and wife to Allen Gentry and Thomas Morrow.

From the deposition of Allen Gentry, taken March 26, 1870, it appears that at the time the money was loaned on the mortgage, it was agreed that Reuben was also to regard himself as bound for its payment. That he did afterwards pay off Allen Gentry and Morrow is made clear, not only by the proof, but by the fact that they, being defendants to his petition, do not controvert the allegation therein contained that such was the fact. As Reuben Gentry agreed, at the time the money was borrowed, to see that it should be paid, the payment by him was not officious; upon the contrary it was made pursuant to such agreement; and upon clear principles of equity, he was thereby substituted to the rights of the morgagees, Allen Genry and Thos. Morrow. This suit is to foreclose the mortgage.

It is not barred by limitation. Mrs. Whittaker is not personally bound as surety for her husband. Her property, embraced by the mortgage, is bound as a surety for his bet. This security remains, so long as the debt can be enforced against the payee. Hobson et al. v. Hobson's Ex'r, 8 Bush 665.

The only pretense of payment to Reuben Gentry of the amount due him on account of his taking up the mortgage, is the profit realized by him on the sale of the tract of land bought in by Garnett at the commissioner's sale. In the suit of Garnett v. Whittaker, Garnett purchased the land for the exact amount due him from Whittaker. The sale to him was confirmed without opposition upon the part of Whittaker. His right to take a conveyance, and hold the land free from any claim of Whittaker, was perfect. It was a mere gratuity upon

his part, to permit Reuben Gentry to sell it, and to apply any part of the proceeds to the extinguishment of debts owing by Whittaker to him.

As before stated Whittaker owed Reuben Gentry $2,200, the amount the latter was compelled to pay Parish in the redemption of his land. He received $2,000 of the purchase money for the land Garnett permitted him to sell to Jenkins. If he had been allowed to retain the whole of this amount Whittaker would still have owed him $200. But for reasons we need not inquire into, as Garnett was under no legal obligation to allow Gentry to retain any portion of the price for which the land sold, he required the latter to pay him $337.25 as per receipt of July 4, 1863. Gentry was also compelled to pay the attorney's fee due from Garnett to Berryman and Duncan, and also certain taxes paid by Garnett on the land.

It thus appears that the court below erred in the conclusion that Gentry was largely overpaid what Whittaker owed him, by the resale of the land bought in by Garnett; upon the contrary Whittaker still owes him the sums indicated above. It was also error to indulge in assumptions unfavorable to Gentry on account of his silence. He was not called upon to make any disclosures. The answers of Whittaker and wife were not specific enough even to notify him as to what they intended to rely upon to support their pleas of payment. At any rate, as Gentry had prima facie the right to a judgment upon the pleadings, the onus was upon them to make out their defense; and he was not bound to disclose anything unless called upon in the mode prescribed by law.

They failed to show that Gentry realized profit enough by the resale of Whittaker's land to satisfy the amounts Whittaker owed him, and also to satisfy the Gentry and Morrow mortgage; and the court erred in refusing to foreclose it, and to sell a sufficiency of the mortgaged land to satisfy so much of the sum intended to be secured by it, as may not have been extinguished by the transactions between Gentry and Garnett.

Wherefore the judgment of November 19, 1870, dismissing Gentry's original petition, is reversed and the cause remanded for a judgment conformable to this opinion.

Gentry had no claim against Garnett. The latter acted throughout the whole transaction as the friend of both Whit-

taker and Gentry, and surrendered to them a speculation that he might have legally held on to.

As to Garnett the judgment is affirmed.

Judge Pryor did not sit in this case.

*W. B. Roberts, Craddock, for appellant.*

*Drane, for appellee.*