H. C. Douglass, et al., v. Samuel Stone, et al.

**Husband and Wife—Sale of Wife's Real Estate.**
A mortgage of the wife's land, she holding a general estate, to secure the debt of her husband, executed jointly by herself and husband, is valid.

**Description of Property in Judgment.**
A judgment decreeing the sale of real estate in a mortgage foreclosure must contain a reasonably accurate description of the real estate sufficient to enable the master to identify the land he was directed to sell, without searching the records.

**APPEAL FROM BOYLE CIRCUIT COURT.**

April 8, 1876.

Opinion by Judge Peters:

The land mortgaged was certainly the property of Mrs. Douglass, she having the legal or general estate therein, and the debt secured thereby appears to have been the debt of her husband. Nevertheless a mortgage of her land executed jointly by herself and husband was valid under the statute, as held by this court in *Smith, et al., v. Wilson,* 2 Met. 235, and approved by their court in *Johnston v. Ferguson,* Ib. 503, and in the still later case of *Sharp's Adm'r v. Proctor's Adm'r & Heirs,* 5 Bush 396. The efficiency of the mortgage of the wife's land as a security for the debt is, therefore, an adjudged question.

The description given of the land in the petition sought to be sold is two undivided sixths of a tract of land containing one hundred acres lying in Boyle county, state of Kentucky, one mile west of the

Danville and Hustonville Turnpike Road, about four miles from Danville, and being the land allotted to Mrs. Emily Harby by commissioners of the Boyle county court for dower in the lands of her husband, Enoch Harby, deceased; and the report of the commissioners is filed as a part of the petition, the dower land being lots Nos. 7 and 8 as designated on the plat of division. The description of the land is not as definite in the mortgage as it is in the petition.

To the suit to foreclose the mortgage no defense was made. On the 3rd of September, 1873, the cause was finally heard, and a personal judgment was rendered against H. C. Douglass for the debt, interest and costs, and it was further adjudged that the equity of redemption of defendants, H. C. Douglass and S. E. Douglass, or either of them, in the mortgaged property mentioned and described in the proceedings and the deed of mortgage on file, given by them to the plaintiff to secure the payment for which judgment is above rendered, should be thereby foreclosed. It is adjudged that so much of said property as will pay to the plaintiff said sum with interest at said rate from said date until the day of sale and costs of this action. and expenses of sale, including $25 allowed commissioner for making sale, and to be taxed as costs, be sold, etc.; and then directions are given when, where and how the sale shall be advertised and made.

On the 22nd of December, 1873, the master returned his report of sale to the court, in which he reports "he exposed to public sale the property in" the judgment mentioned on Monday, the 20th of October, 1873, that being county court day, before the court house door in Danville, Ky., after having first duly advertised the same. He then describes the manner he admitted the sale, and concludes by saying he first offered less than the entire property but not receiving sufficient bids therefor to satisfy the judgment, he sold the entire property directed to be sold, and Samuel Stone being the highest and best bidder became the purchaser thereof at the price of $769.68.

The description of the land as given in the judgment is wholly insufficient to enable the master to identify the land he was directed to sell; nor could he by any paper in the suit find the tract out of which he was to sell two-sixths. He might, from the report of the commissioners who allotted to Mrs. Harby dower in her late husband's real estate, find "lots 7 and 8;" but when he went on the land he would not be enabled from that alone to find the dower land; and from what end or side of said two lots the two-sixths thereof was to be set apart to Mrs. Douglass is still more uncertain; the judgment is too uncertain and indefinite, and cannot, for that reason, be sus-

tained, as has been held by this court heretofore.  *Lawless v. Barger, et al.,* 9 Bush 665.

Moreover the allowance to the commissioner is more than the statute allows him for making the sale.

Wherefore the judgment is *reversed* and the cause is remanded for further proceedings consistent herewith.

*Fox, Grigsby & Fox, for appellants.*
*Durham & Jacob, for appellees.*