JUDGE ELLIOTT
delivered the opinion op the court.
On the 26th day of February, 1877, Priscilla T. Drye and her husband ¥m. S. Drye executed their promissory note to Green, Hocker & Co., for $2,290.59, due twelve months after date, with interest at the rate of eight per cent per annum till paid, and payable at the National Bank of Stanford. On the same day Mrs. Drye and her husband executed a mortgage, by which they conveyed to Green, Hocker & Co. a tract of about twenty-three acres of land lying in Lincoln County, near Hustonville, to secure the note. Appellees say that shortly after the execution of the note to Green, Hocker & Co. that firm assigned it to J. M. Cook and J. B. Green, wholesale partners under the firm-style of Cook & Green, and that Cook & Green assigned and transferred it to the National Bank of Stanford as collateral security, to secure said bank in a note due from Cook & Green to it for $1,500, with ten per cent from the 17th of May, 1876, till paid.
It is also stated by the appellees, who were plaintiffs below, that on the 14th of November, 1877, Cook & Green made a deed by which they conveyed, transferred, and assigned to their company, plaintiffs Weatherford and one Bailey, all of their estate subject to their debts, in trust for the benefit of their creditors. It is further alleged that the mortgage made by appellants to Green, Hocker & Co., and the deed made by *462 Cook & Green, had been duly recorded'in the clerk’s office of the Lincoln County Court after proper acknowledgment.
The appellants, who were defendants, resisted in their answer any recovery and enforcement of the mortgage-lien claimed by the plaintiffs, because they say that the female defendant, and wife of W. S. Drye, never joined in the mortgage and never released her right to a homestead to which they were entitled at the date of the mortgage, and are yet entitled; and further, “ they deny that said mortgage ever was duly or otherwise acknowledged by said Priscilla T. Drye, and say that it and the certificate thereon indorsed have never been recorded as required by law, and have never been recorded at all, and that said mortgage does not pass the title of said Priscilla in any way.”
The plaintiffs made the mortgage-deed a part of their petition, and asked for an enforcement of their lien.
The court sustained a demurrer to the defendant’s answer, and they excepted.
The mortgage-deed-is signed by Priscilla T. Drye and Wm, S. Drye, and the material question is, whether the certificate of acknowledgment is sufficient to pass Mrs. Drye’s interest in the land ? It is as follows:
“ State oe Kentucky, Lincoln County, sct :
“I, J. Blain, clerk of the Lincoln County Court, certify that the foregoing mortgage from W. S. Drye and wife to Green, Hocker & Co. was on the 26th day of February, 1877, duly acknowledged by the grantors before R. W. Bradley, my lawful deputy, as appears by his indorsement thereon in the words and figures following, to wit, ‘Acknowledged by Priscilla T. Drye and ~W. S. Drye, her husband, before me in Lincoln County in due form of law, this February 26, 1877.’
« J. Blain, Cleric L. G G
“By R. W. Bradley, D. C.”
*463 “ And this day lodged in my office for record. ' Whereupon I admitted the same, with this certificate, to record in my office. Witness my hand, this 27th of February, 1877.
J. Blain, Clerk.
By E. A. Blain, D. C.”
Subsection 1 of section 21 of chapter 24 of the General Statutes, in relation to the acknowledgments of the conveyances of married women, states that “ Where the acknowledgment shall be taken by an officer of this state, he shall simply certify that it was acknowledged before him, and when it was done, which shall be evidence that she had been examined separately and apart from her husband, and the contents explained to her, and that she had voluntarily acknowledged the instrument, and consented that it should be recorded.
By section 38 of the same chapter it is provided that “ If the deputy of any county clerk shall take the acknowledgment of a deed or other instrument of writing, and indorse a memorandum thereof on such deed or instrument of writing, but shall fail from any cause to write out and sign the certificate thereof, it shall be lawful for the clerk to write out and sign the certificate, setting forth in such certificate the facts, including the indorsement, and thereupon record such deed or instrument, . . . and the certificate shall be as good and effectual as if certified and signed by such deputy.”
It is contended by appellants that the deputy clerk having taken the acknowledgment and indorsed it on the deed, but having failed to write out and sign the certificate, the principal clerk has to write out and sign the . certificate, including such indorsement, and that it can not be done by his deputy.
In the case of Ellison v. Stevenson, 6 Monroe, 271, this court said: “ The clerk has by law a power to make a deputy; he has made his deputy; and the deputy was regularly admitted and sworn according to law. It can not be maintained as *464 a legal principle, that the deputy, lawfully constituted as such, has less power than the principal.” And in that case this court cites with appi’oval a decision of the Court of King’s Bench, in which it was held that “where an officer has power to make a deputy, such deputy, when he is created such, may do any act that his principal might do. Less powers he can not have,” and in that case it is further maintained that “ a deputy is a clerk, with all the powers of the principal.”
In Triplett, &c. v; Gill, &c., 7 J. J. Marshall, 438, the copy of a will read in evidence was certified in the name of the principal clerk, but the evidence showed that the certificate was in the handwriting of his deputy, and the court held that “ the deputy had a right to subscribe the principal clerk’s name,” and that the authentication was as good as if cex’tified by the principal clerk. In Talbott’s devisees v. Hooser, 12 Bush, 410, this court held that a certificate of acknowledgment of a deed by a married woman, made out in the name of the principal clerk and his name signed to it by his deputy, is sufficient to pass her title. In this case the certificate is made out in the name of the principal clerk, and his name signed to it by his deputy, and according to both principle and authority it must be held sufficient to pass Mrs. Drye’s interest in the land embraced by the deed. •
But it is contended that, in this class of cases where the acknowledgment is indorsed on the deed and the certificate is afterward made out, such certificate should state that the married woman had been examined separate and apart from her husband, etc. A complete answer to this assertion is to be found in the fact that the statute nowhere requires it, where the acknowledgment is taken before an officer of this state. The provision of the statute on this subject has been quoted in this opinion, and is too plain to admit of a different construction.
It is, however, contended by the learned counsel for ap *465 pellants that' as' the mortgage was executed to secure the wife’s debt, the appellees should have failed in their action unless they showed, by allegation and proof, that the note was executed for necessaries, etc. This position is rather inconsistent with appellant’s answer, for in that'it is alleged that any indebtedness of the feme covert, if any existed, was “ merged into an indebtedness of defendant W. S. Drye by the acceptance on the part of said Green, Hooker & Co. of the note sued upon. . '
The note sued on was certainly the note of Mrs. Drye’s husband, and as such enforcible against him.
The court, in the case of Smith, &c. v. Wilson, 2 Met. 235, decided the Revised Statutes (which have not been materially changed on this subject), were “ sufficiently comprehensive to empower a married woman to make a deed of any description, not merely a deed of bargain and sale, founded on a valuable consideration, but a deed of gift or of mortgage or release or a deed of conveyance for any purpose whatever.” In that case this court decided that the power of alienation by a married woman is only restricted by the statutory provision prohibiting her from alienating or encumbering her separate estate.
The same principle is decided in 5 Bush, 396; 8 Bush, 665.
As Mrs. Drye’s husband had executed his note for the claim in dispute, the joint mortgage of both of them to secure its payment must be held valid according to repeated decisions of this court.
To the assertion, that on plaintiff’s demurrer to defendant’s answer the court should have adjudged their petition insufficient, we can not assent. The petition states that the defendants, “ by their promissory note, dated February 26, 1877, and due twelve months after date, agreed to pay to the order of Green, Hocker & Co. the sum of $2,290.59, at the National Bank of Stanford.”
*466 The plaintiffs then allege that the defendants had not paid any part of the note which they had secured by mortgage-lien, and pray for the enforcement of the mortgage.
It is contended that Weatherford, as trustee of Cook & Green, has shown no right to sue as such. We are of a different opinion, and especially after a judgment by default; but if it were otherwise the judgment in this case was right, because the Bank of Stanford alleged that the note had been transferred and assigned to it; and as this allegation was not denied by defendants, the bank had a right to collect the note sued on, and the joining of Weatherford with it as coplaintiff was not prejudicial to appellants.
We, after a careful consideration of all the - legal questions made in this case, are of opinion that the appellants’ answer presented no valid defense to the appellees’ petition, and that the demurrer thereto was properly sustained.
Wherefore the judgment is affirmed.