JUDGE PRYOR
delivered the opinion oe the court.
The appellees, D. B. Barger & Co., filed their petition in equity in the Russell Circuit Court against the appellant, *666 Thomas Lawless, seeking to subject a tract of-acres of land that had been sold and conveyed by them to Lawless to the payment of the purchase-money, a lien having been retained in the deed to secure the several notes therein described, and which are filed with the petition. A summons having been duly served on the appellant, and he failing to answer, a judgment was rendered directing the commissioner to sell the land in satisfaction of the liens. The sale was made, the report of the commissioner filed, and upon a motion to confirm the sale exceptions were made by the appellant thereto that were overruled, and a deed directed to be made by the commissioner to the appellees, who were the purchasers. The appellant complains of this order as well as of the judgment originally rendered, and brings the case here for revision. The principal objection urged for a reversal is the want of certainty in the judgment as to the land directed to be sold, and the entire absence in the commissioner’s report of sale as to what land was sold, and the time and manner in which he executed the judgment. The description of the land sought to be sold is not embodied in the petition, and the only mode of identification or of ascertaining the boundary is by reference to the deed filed as an exhibit. This exhibit constitutes a part of the petition, and with the allegations of the indebtedness and the existence of the lien, this pleading presents a good cause of action. It would be better pleading, however, in a case like this, to recite on the face of the petition the boundary of the land sought to be sold. In the judgment rendered no description whatever of the land is given, and the commissioner is directed merely to sell the tract of land, or so much as may be necessary, etc., described in the petition, upon the terms prescribed by the judgment. The commissioner reports “that he sold the property in the judgment described on the 14th of July, 1872, as directed, and the plaintiffs purchased it at one thousand dollars, *667 being the highest bidders, and the judgment is entitled to a credit,” etc.
The deed on file with the petition conveys to the appellant two separate parcels of land, but retains a lien on both parcels for the payment of the purchase-money. The pleader, in preparing his petition, might very properly have regarded it as one tract, as all the land was embraced by the same deed, conveyed to the same grantee, and subject to the same liens, and the court might have so described it in the judgment rendered.
This judgment, however, as well as the report of sale by the commissioner, fails to give any description whatever of the property sold, and this court is therefore unable to determine whether the commissioner sold one of the parcels of land as mentioned'in the deed, or sold the whole land as one tract. If the deed filed as an exhibit was out of the record, neither the petition, judgment, nor report of the commissioner identifies or describes the land sold. Judgments and reports of sales are entered of record to make the purchaser secure in his title to property purchased at decretal sales; hence the necessity of the court giving specific directions in its judgment to the commissioner as to the duties required to be performed under it. In the present case that officer, in the discharge of his duties, is directed by the judgment to look to the petition and determine for himself what these duties are, and is left to sell only such land as, in the exercise of his judgment, upon an examination of the petition he thinks the plaintiff desires sold. If there had been no parol testimony as to what land was sold by the commissioner, no court could have determined from either the judgment or the report of sale whether he sold the one parcel or the other, or both.
In the judgment entered of record is to be found no evidence of what was directed to be sold, and certainly none in the commissioner’s report of what was sold. Those desiring *668 to bid at such sales would be reluctant to purchase with such evidence only as is found in this record of what property was directed to be sold, and less of what they had purchased. This may account for the small consideration paid for appellant’s land.
While this court might not feel authorized to reverse such a judgment where the description of the land sold appeared on the "face of the petition and the commissioner’s report of sale, still a judgment should be so certain and specific in its directions to the commissioner, in the description of the property to be sold by him, as well as the other duties to be performed in its execution, as would enable that officer to discharge these duties without reference to any other paper or pleading in the cause, and the commissioner should be equally as definite in making his report, in order.that the court and parties interested may know whether or not he had acted in pursuance of the judgment. The record in this case failing to show what property was sold, or even the property directed to be sold, the exception to the commissioner’s report should have been sustained.
The judgment of the court below is reversed, and cause remanded, with directions to set aside the sale, and for further proceedings consistent with this opinion.