## Brown v. Farmers' Deposit Bank, et al.

### Sheeran v. Same.

(Decided February 17, 1928.)

Appeals from Meade Circuit Court.

1. Appeal and Error.—Denying motion to strike out county and state highway commission as parties plaintiff in actions on notes evidencing donations for federal highway, if error, held harmless,

where another plaintiff, to which notes were made payable, could maintain actions thereon for benefit of any state agency which should construct highway under Civil Code of Practice, section 21.

2. Subscriptions.—Notes evidencing donations made "to help construct a federal highway known as" specified highway inured to benefit of whatever state agency should finally construct highway, and consideration for such notes did not fail because county did not construct highway, under Acts 1920, c. 17, authorizing state highway commission to do so.

3. Subscriptions.—Notes evidencing donations "to help construct a federal highway known as" specified highway held not to require completion of highway through county before they should become payable.

4. Subscriptions.—Consideration for notes evidencing donations "to help construct a federal highway known as" specified highway was procuring of such highway on agreed route, and Acts 1920, c. 17, authorizing state highway commission to construct such highway rather than county, did not destroy consideration or impair it.

5. Subscriptions.—Where agreement to contribute to fund in aid of federal highway specified route as passing through two villages, an unincorporated community grouped around a crossroads and a farm, agreement was substantially complied with by locating highway through said community within half mile of crossroads.

6. Constitutional Law.—Acts 1920, c. 17, authorizing state highway commission to construct highway and declaring that donations for highway to counties should remain binding merely substituted new agency as beneficial obligee of notes evidencing donations, and did not alter obligation of contract of donors.

7. Subscriptions.—Where maker of note evidencing donation for federal highway was liable under evidence to payee for unpaid balance, he could not recover payment by counterclaim.

H. L. JAMES for appellants.

WOODWARD, WARFIELD & HOBSON, JOHN MARSHALL, JR., and W. D. ASHCRAFT for appellees.

Opinion of the Court by Judge Thomas—Affirming.

Prior to the taking effect of chapter 17, Acts of 1920, each county in the commonwealth constructed and maintained its portion of through highways connecting county seats, and it was so done under what was designated as the "state and federal aid plan." In the latter part of 1918 or the first part of 1919, the citizens of a number of counties in the commonwealth between Louisville and Paducah, Ky., began an agitation for the construction of a through highway connecting those two cities. A great many if not all of the counties did not have, nor could they legally raise, a sufficient amount by taxation

to defray their part of the construction of such through highway, and, to supplement its part of the cost, some of the citizens of Meade county signed articles of subscription by which they agreed to donate the amount set opposite their names in order to supply such deficit. Two of such subscribers were the appellants, Gabe Brown and Pete Sheeran, in the two cases stated in the caption, the former subscribing $500 and the latter $1,000. The subscription paper that each of them signed read:

"We, the undersigned subscribers, hereby subscribe, bind, and obligate ourselves to pay the amount set opposite our name to help construct a federal highway in Meade county, Ky., known as the federal highway between Paducah, Ky., and Louisville, Ky., provided said highway passes through the following places in Meade county, Ky.: Running from Tip Top, Ky., to Grahampton, Ky.; thence to Hog Wallow; thence to William Hilf's farm—and we further agree and bind ourselves to donate any lands or ground necessary for a right of way for said federal highway which is to be built according to federal and state plans, and we further guarantee the payment of my said subscription to the Farmers' Deposit Bank, Brandenburg, Ky."

Later, and on August 15, 1919, each of them signed notes made payable to the appellee and plaintiff below, Farmers' Deposit Bank of Brandenburg, Ky., in which their subscriptions were divided into installments payable at designated dates, the last one due on January 1, 1922, and it was stipulated in the notes that, if any installment became due and unpaid, the due dates of all future ones would be precipitated, and might be collected "by suit or otherwise." It was also stipulated in the notes that:

"We hereby expressly agree that the entire proceeds of this note shall be placed and shall go to the credit of the federal and state highway which it is proposed to build through Meade county, Ky., and no part of the proceeds of this note is to go to our individual credit."

At the time of the execution of the notes, Meade county had taken no step toward the actual construction of the road, but after the effecitve date of the 1920 act the county in connection with the state highway commis-

sion became active in preparing for and constructing the road through it. Under that act it became the duty of the county to furnish the right of way along the route to be selected by the highway commission, which latter had the right to accept donations from the various counties through which state highways were constructed, as well as from individuals and corporations, and the act by express terms kept alive all promised donations theretofore made to the counties for the construction of state and federal aid roads under previously existing law. In conformity therewith, the fiscal court of Meade county, after the effective date of the 1920 act, legally appropriated or donated to the state highway for the construction of the road through that county a sum equal to the amount of its authority to raise by taxation, plus the amount of prior donations, including those made by the two defendants herein.

These two actions were filed against the respective defendants in the Meade circuit court by the Farmers' Deposit Bank, the state highway commission, and Meade county, to recover from the defendant Brown the full amount of his note and from the defendant Sheeran the balance due on his note, he having theretofore made payments thereon. The answers were denials of some of the material averments of the petitions, but the execution of the notes was admitted, and other paragraphs asserted (a) failure of consideration; (b) breach of condition by not constructing the the highway along the route agreed upon; and (c) that the attempt of the 1920 act to keep alive the subscription for the benefit of the state highway commission altered the obligation of the notes executed in satisfaction of the subscription contracts, contrary to both the federal and state Constitutions. Defendant Sheeran also sought to recover the amount previously paid by him in a counterclaim incorporated in his answer. The case was submitted to the court without the intervention of a jury, and it rendered judgment against Brown for the full amount of his note and against Sheeran for the unpaid balance due on his note and dismissed his counterclaim, to reverse which these appeals are prosecuted and are heard together and will be disposed of in a single opinion.

Before answers were filed, the respective defendants moved that the state highway commission and Meade county be stricken as parties plaintiff in the actions, which was overruled, with exceptions, and complaint is

made of that ruling, but, if it should be conceded that it was error, it could not possibly prejudice plaintiffs, since the notes were absolute promises to pay the amounts to the bank to which they were executed, not in its individual capacity, but, as stated in the note, "to the credit of the federal and state highway which it is proposed to build through Meade county," and, as we have seen, in the subscription paper the donations were made "to help construct a federal highway in Meade county, Ky., known as the federal highway between Paducah, Ky., and Louisville, Ky." The promises therefore were clearly and indisputably made to whatever governmental agency had the right and whose duty it was to construct the through highway at the time it became necessary to make the expenditure, and both the subscriptions and the notes were made for the benefit of whatever state agency performed that task, though it might be one thereafter created and upon which the same powers and duties of the existing agency at the time of the subscription and the execution of the notes were cast. Clearly, the bank to whom the notes were executed for the benefit of another could maintain the action under the express provisions of section 21 of the Civil Code, as could also the beneficiary of the notes, but, whether it was proper for the fiduciary and the cestui que trust to join as plaintiffs, it is unnecessary to determine, since in no event could it possibly prejudice plaintiffs.

The substance of the argument in support of defense (a) is that the donations were made and the notes executed for the purpose of the construction of a road *by Meade county,* and that it did not do so, and that the project in aid of which the donations were made was abandoned, but which we think is entirely unsound. Nothing appears in either the subscriptions or the notes to show that they were conditioned upon the construction of the road *by* Meade county. Both of the writings explicitly point out that the purpose of the subscription was to procure the construction of the road. In fact, as we have hereinbefore seen, the donation was to the road, and we have also pointed out that it inured to the benefit of whatever agency of the state finally constructed the road. See Curry v. Ky. Western Ry. Co., 78 S. W. 435, 25 Ky. Law Rep. 1372, and London Assurance Corporation v. Bailey, 222 Ky. 757, 1 S. W. (2d) —. Defendant's counsel seems to concede in his brief that the defense of no consideration would not apply to the portion of the

writings executed by defendants whereby they agreed to donate land for the purposes of the right of way and which concession is based upon the theory that under the provisions of the 1920 act the duty was left with the county to furnish the right of way. If the promises and agreements for the payment of money contained in the subscriptions and in the notes were abolished by the 1920 act, it would also cancel the agreement to furnish free of charge the right of way. It cannot successfully be argued that the latter promise was preserved by the 1920 act and the one to pay the money subscription was abolished by it.

It will also be observed that the notes do not require the completion of the road through Meade county before they become due. In truth and in fact the whole transaction plainly contemplated that their proceeds were to be used in completing the road through Meade county, and which necessarily must be preceded by their payment. The argument of counsel in support of this defense in its essence proceeds upon the theory that motive, incentive, or inducement for one entering into a contract forms the consideration for it, and that, if his clients could have foreseen the enactment of the 1920 statute, they would have withheld their donations. The incentive that prompted defendants to make them was most probably the condition of the law at that time, but the consideration therefor was the procuring of the public highway through Meade county on the agreed route. The enactment of the 1920 statute, therefore, did not destroy the consideration or in any manner impair it.

The same contention relied on in defense (b) was also made under the same subscription in the case of Bickett v. Meade County, 200 Ky. 157, 252 S. W. 1017. It was therein contended, by the plaintiffs who were subscribers to the same donation fund, that the road through Meade county, as located and as it was being and was finally constructed, did not run to or through Hog Wallow as prescribed in the subscription paper; but under the facts, which are the same that we have here, the contention was overruled, since, as we therein held, that the location of the road substantially complied with the requirement that it should run to or through Hog Wallow. Reference is made to that opinion for the facts urged in support of the same contention. We still adhere to our conclusion reached in that opinion, and which disposes of this defense adversely to defendants.

What we have hereinbefore said in the discussion of defense (a) is also applicable to defence (c). It necessarily proceeds upon the theory that the 1920 act had the effect to repeal in toto the prior existing law with reference to the construction of through public highways without substituting any succeeding state agency with authority to do so. If that were true, then the provisions of the 1920 act, wherein it attempted to keep alive and to preserve previously subscribed donations, would possibly violate the constitutional provisions relied on, for under such conditions there would be no obligee who would have the right to collect or expend the donations made by defendants or to carry out the purpose thereof, and to require them to pay without any possibility of obtaining the construction of the highway forming the consideration for their promises would change the obligation of their contracts and would therefore conflict with the constitutional provisions relied on. The 1920 act, however, had no such effect. Its purpose was not to destroy the authority of any public agency to construct the same public road, but to create a new agency for that purpose which, we repeat, was substituted for the old one, and the new agency became the beneficial obligee in all promised donations theretofore made to the old one, and which did not have the effect to alter the obligation of the contract of the donors. It is therefore clear that this defense was properly held by the trial court as without merit.

Finally it is argued that the court erred in disallowing the counterclaim asserted by the defendant Sheeran. If the facts relied on to sustain that right were insufficient, as we have just held, to defeat a recovery on the unpaid balance of his note, they would likewise be insufficient to entitle him to recover any payments he had theretofore made. The two rights—i. e., that of defense to the unpaid balance, and that to recover what had theretofore been paid—must necessarily and do rest upon the same facts, and, if they are insufficient for the one purpose, they are likewise insufficient for the other. Other reasons for dismissing the counterclaim could be pointed out, but the one referred to is sufficient to uphold the judgment in disallowing it.

Upon the whole case, we find no error prejudicial to the substantial rights of appellants, and the judgment against each of them is affirmed.