## Ashcraft v. Farmers' Deposit Bank of Meade County, et al.

(Decided October 19, 1928.)

### Appeal from Meade Circuit Court.

Evidence.—A plea or answer setting up a parol contemporaneous agreement inconsistent with written contract in suit is bad on demurrer, unless it avers that oral agreement was omitted from written contract by fraud, accident, or mistake, or that writing does not contain whole ageement.

CLAUDE MERCER for appellant.

WOODWARD, WARFIELD & HOBSON and W. D. ASHCRAFT for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a companion case to those of Brown v. Farmers, Deposit Bank and Sheeran v. Farmers' Deposit Bank, 223 Ky. 171, 3 S. W. (2d) 215. The Brown and Sheeran cases were submitted for judgment on the plead-

ings and on an agreed statement of facts. In the present case a demurrer was sustained to the answer, and the appellant, who was the defendant below, declining to plead further, judgment was entered in accordance with the prayer of the petition. The issues presented by the answer to which the demurrer was sustained were, with one exception, identical with the issues raised in the Brown and Sheeran cases. In these cases, those issues were adjudged against Brown and Sheeran, from which it follows that the issues in this case, in so far as they are the same as those in the Brown and Sheeran cases, were correctly adjudged against the appellant. The exception of the identity of the issues of this case and those of the Brown and Sheeran cases is that the appellant's answer herein, in addition to the matters urged by way of a defense in the Brown and Sheeran cases, alleged that at the time the appellant signed the note sued upon and the subscription paper accompanying the note, it was agreed between him and those taking his note and procuring him to sign the subscription paper that the road, to aid the construction of which he was giving his note and signing the subscription paper, should run along a certain line of telephone poles, and that if the road was not so located the note and subscription should be null and void. This agreement relied upon was a verbal one. It is not a part of either the note or subscription paper filed as exhibits in this record. It is not averred that its omission from these papers was occasioned by any accident, mistake, or fraud, or that these papers do not contain the whole contract. The verbal agreement is not consistent with the subscription paper, which provides that the road to be constructed must pass "through Meade county along the Hardinsburg road or such road as may be designated between Irvington and Brandenburg, Ky." Without any elaboration of the authorities, we may quote the applicable law from 13 C. J. 737, to the effect that—

"A plea or answer setting up a parol contemporaneous agreement inconsistent with the written contract in suit is bad on demurrer, unless it avers that the oral agreement was omitted from the written contract by fraud, accident, or mistake, or that the writing does not contain the whole agreement."

The lower court, therefore, did not err in sustaining the demurrer to the appellant's answer, and its judgment is affirmed.