# Davis et ux. v. Poulus et ux.

(Decided March 6, 1931.)

T. E. MOORE for appellants.

W. A. STANFILL for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

On June 21, 1924, Dick Poulos and wife executed and delivered to Christ Davis and wife two promissory notes for $750 each payable in one year with 6 per cent. interest from date. The notes were not paid at maturity, and Davis and wife brought this action against Poulos and wife to recover on them. The defendants pleaded no consideration and in addition Mrs. Poulos pleaded that she was merely a surety and not liable on the notes. The case was tried and submitted to the jury, which returned a verdict for the defendants and the plaintiffs have appealed.

All the parties are Greek nationals and before the trial both Davis and his wife returned to Greece. The deposition of Mrs. Davis was taken before she left Perry county. Dick Poulos operated a restaurant in the city of Hazard. Adjoining the building in which his restaurant was located was a building owned by Mrs. Davis in which a restaurant was operated until some time in 1923; Mrs. Davis testified that Poulos desired to eliminate competition and opened negotiations for leasing her building, which culminated in a written contract dated October 10, 1923, by the terms of which she rented her building to Poulos for a period of five years at a rental

of $300 a month, payable each month in advance. He paid the rent for two months, and on June 21, 1924, when he was more than $1,800 in arrears, a second contract was entered into by the parties which was reduced to writing, and which stipulated that Davis and wife canceled the agreement of October 10, 1923, for the consideration of $1,500, for which sum Poulos and wife agreed to execute two notes for $750 each, due one year after date. On the same day these notes were executed.

Poulos testified that he and Davis agreed to enter into a partnership to operate a confectionery in the building owned by Mrs. Davis, and that he advanced $600 to Davis for the purpose of equipping the building for the confectionery business, that Mrs. Davis objected to her husband entering into partnership with him, and that Davis suggested the execution of the rental contract in order to deceive his wife and that it was understood between him and Davis when the contract was signed, and later when the notes were executed, no claim would be made against Poulos on account of either. He claimed that he never rented the Davis building and that he signed the notes with the understanding that he would not be called upon to pay them.

The testimony of Poulos relating to an alleged oral agreement entered into between him and Davis contemporaneously with the signing of the notes was incompetent. In Carter v. Vine Grove State Bank, 236 Ky. 191, 32 S. W. (2d) 973, it was said:

"There was much evidence relating to the conversation between appellant and his brother in charge of the bank at the time the note was executed. Appellant testified that his brother told him that he would never have to pay the note, and that he would not have to pay any interest on it. This is corroborated by his brother. Counsel for appellant contend that this evidence was incompetent. They are correct in this contention. In the absence of allegation of fraud, or mistake, the maker of a promissory note containing an unconditional promise to pay money specified therein cannot defend on the ground that there was an oral agreement that he would not be compelled to pay the note, as such a defense is an attempt to vary by parol the terms of a written contract. Brown et al. v. Turpin, 229 Ky. 383, 17 S. W. (2d) 253.

"It is permissible to state facts showing there was no consideration, but if there was an agreement that appellant should not be required to pay the note, he cannot avail himself of any such agreement under the pleadings as made up. The conversations between the appellant and his brother were not competent."

To the same effect are Coons v. Bank of Commerce, 233 Ky. 457, 26 S. W. (2d) 15; Lincoln v. Burbank, 218 Ky. 89, 290 S. W. 1081; Stewart v. Gardner, 152 Ky. 120, 153 S. W. 3.

A negotiable instrument imports consideration, and, to overcome the presumption of consideration, the proof should be clear and convincing. Here no facts were shown which indicated a want of consideration. Poulos admitted that a firm of which he was a member leased the building for the purpose of conducting therein a confectionery business, which clearly showed that, so far as Mary Davis, the owner of the building, was concerned, there was a consideration for the contract of October 10, 1923. The cancellation of this contract was a sufficient consideration for the two notes sued on. The proof offered by appellees on the issue of no consideration not only was neither clear nor convincing, but was wholly void of probative value, and the court should have peremptorily instructed the jury to find for the appellants against the appellee Dick Poulos. Johnson & Phillips v. McClard, 231 Ky. 374, 21 S. W. (2d) 478.

The proof shows that appellee, Mrs. Dick Poulos, was not interested in the rental contract, but merely signed the notes as surety, and, being a married woman, she is not liable on the notes, Kentucky Statutes, sec. 2127, and the judgment as to her must be affirmed.

Wherefore the judgment as to Mrs. Dick Poulos is affirmed, but as to Dick Poulos it is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.