## Wilhoit v. McCubbin.

(Decided June 20, 1933.)

HENRY G. BEDINGER for appellant.
HUBBARD BROS. for appellee.

Opinion of the Court by Stanley, Commissioner—
Affirming.

The appellee, L. M. McCubbin, sued the appellant, J. D. Wilhoit, to recover on a $200 promissory note. The answer was made a set-off and counterclaim, and alleged, in substance that McCubbin had agreed to lend the defendant $5,000 with which to purchase a certain tract of land in Spencer county, Ind., the loan to be secured by a lien thereon, provided the title was good and the loan approved by Roy Hargan. The three men inspected the land and Hargan approved the proposed investment. McCubbin loaned Wilhoit $200, which was represented by the note, to cover expenses of that trip and of one to Marshall, Ill., to arrange for the purchase, as the parties who owned the land lived there. The $5,000 proposed to be loaned was to be repaid by Wilhoit when he could effect a sale of the land. Acting upon this promise of the plaintiff, the defendant contracted to buy the property. The title was a good and marketable one. Upon his return from Illinois he called upon McCubbin to make the loan, but he refused to do so. The defendant had contracted to sell the property at an agreed price of $10,000 to one who was willing, able, and ready to buy it for that amount. It was alleged that, by reason of the plaintiff's failure to lend the money, the defendant had been damaged in the sum of $5,000, the amount of profit which he could have made in the transaction. Wherefore he prayed that the petition be dismissed and for a judgment over against the plaintiff for $5,000, to be credited by the amount of the note.

A demurrer was sustained to this pleading, and it was dismissed. An amended answer pleaded no con-

sideration for the note, and set up in a more abbreviated form the facts alleged in the set-off and counterclaim, and averred that, had the promise not been made, he would not have borrowed the money, and that there was a failure of consideration. Issue was joined on this plea of no consideration, and upon the trial the defendant admitted having received and spent the money. The court peremptorily instructed the jury to find for the plaintiff.

The appellant insists that he had a right to set up his claims in the suit on the note. It is not proper to set off an unliquidated claim for damages against the contract in the absence of a plea of insolvency, nonresidency, or some other equity existing in favor of the pleader. Merchants' Wholesale Grocery Co. v. Bond-Foley Lumber Co., 222 Ky. 320, 300. S. W. 872. The pleading was fatally defective, as no consideration was alleged for the agreement on the part of McCubbin to lend the money. It is not alleged that there was ever a tender made of a mortgage on the property to secure the loan, which was one of the conditions upon which the defendant had agreed. to make the loan as alleged. Moreover, the pleading of a contemporaneous agreement inconsistent with the written contract sued on, which was the note, is demurrable in the absence of an allegation that it was omitted by fraud, accident, or mistake, or that the writing does not contain the. whole agreement. Ashcraft v. Farmers' Deposit Bank, 225 Ky. 836, 10 S. W. (2d) 276. The amended pleading can hardly be regarded as amending the original set-off and counterclaim, but, if it should be so considered, it was simply alleged that through mutual mistake of the .parties the note did not constitute the entire agreement. That was but a conclusion. The facts must have been stated. Brown v. Union Central Life Insurance Co., 241 Ky. 514, 44 S. W. (2d) 514. The. demurrer was therefore properly sustained.

There is obviously no merit in the claim that the court erred in directing a verdict for the plaintiff upon the issue of no consideration.

Judgment affirmed.