## Daniel et al. v. Wilhoit, State Banking Com'r.

Jan. 13, 1942.

C. R. Luker for appellants.

Murray L. Brown for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On December 21, 1938, the board of directors of the Farmers State Bank, a corporation organized under the laws of Kentucky and conducting a banking business at London, Kentucky, placed the bank in the hands of the state banking commissioner for liquidation. On March 2, 1940, Arlie Magee was appointed special deputy banking commissioner to liquidate the affairs of the bank. Among the assets of the bank the commissioner found a note of $300, dated November 12, 1938, and due six months thereafter with interest at the rate of 6 per cent. per annum from its date, signed by the appellants, Daniel's Cash Store, Lena W. Daniel, and Virginia Daniel. On May 1, 1940, the banking commissioner brought suit upon the note in the Laurel circuit court. The defendants filed an answer, counterclaim, and set-off which was later amended. A demurrer to this pleading was sustained, the defendants declined to plead further, the answer, counterclaim, and set-off as amended was dismissed, and judgment was entered in favor of the plaintiff for $300, with 6 per cent. interest from November 12, 1938. The defendant Lena W. Daniel has appealed, and each of the remaining defendants has filed a motion for an appeal.

In paragraph one of the answer, counterclaim, and set-off the defendants admitted execution of the note. In paragraph two it was alleged that R. Daniel, husband of Lena W. Daniel, died intestate October 16, 1935; that at the time of his death he was operating a business under the assumed name of Daniel's Cash Store; that Lena W. Daniel qualified as administratrix of the estate of her deceased husband; and that the personal property of R. Daniel, deceased, was appraised at $3,800. It was also alleged that he left real estate of the value of $3,750 on which there was a mortgage of $2,766.74. It was further alleged that the note sued on was a renewal of a note owing by R. Daniel at the time of his death; that the Farmers State Bank had never filed a claim with the administratrix of R. Daniel's estate; and that she had made a final settlement as administratrix on September 29, 1939. It was further alleged that Daniel's Cash Store was out of business, and that Lena W. Daniel was conducting the business of Daniel's Department Store and had been operating same as the sole owner thereof since November 17, 1939. In paragraph three of the answer, counterclaim, and set-off it was alleged that the note sued on was signed by Lena W. Daniel and Virginia Daniel as sure-

ties for the estate of R. Daniel; that it was merely a renewal note; and that it was understood by the Farmers State Bank that neither Lena W. Daniel nor Virginia Daniel would be personally liable. In paragraph four Lena W. Daniel undertook to plead as a set-off an alleged claim against the bank for $500. She alleged that on June 29, 1936, she purchased from the bank $500 of its preferred B stock and paid cash therefor; that the officers of the bank at the time she purchased the stock falsely and fraudulently represented to her that the bank was solvent; that she relied on their statements; and that said representations were false and untrue. She further alleged that soon after she purchased the stock she learned that it was of no value, and that the bank was insolvent. She asked for a judgment in the sum of $500, with interest thereon from June 29, 1936. In the amended answer, counterclaim, and set-off only the allegations of paragraph four of the answer, counterclaim, and set-off were materially changed. In the amendment Lena W. Daniel alleged that she purchased the five shares of stock a few months before the bank was closed; that its insolvency had existed for more than five years prior to the purchase of the stock, but she did not learn of its insolvency until it was placed in the hands of the banking commissioner for liquidation.

The matter pleaded in paragraph two of the answer is wholly irrelevant and appellants have failed to point out wherein it constitutes a defense. The defense pleaded in paragraph three is the alleged agreement made at the time the note was signed that Lena W. Daniel and Virginia Daniel would not be liable thereon. The instrument is clear and unambiguous in its terms, and imports on its face an absolute promise to pay by each of the appellants. Evidence of an oral agreement prior to, or contemporaneous with, the execution and delivery of a promissory note is not admissible to vary or contradict the written instrument. In the early case of Dale v. Pope, 4 Litt. 166, the rule was announced that where the note is for the absolute and unconditional payment of money it cannot be defeated by alleging and proving that it was not to be paid except on a contingency. In Fechheimer v. Goldnamer, 169 Ky. 243, 183 S. W. 541, it was held that, in the absence of averments of fraud or mistake, so much of the petition as set up a parol contemporaneous agreement that the note should not mature at the time stated therein was properly stricken, since without

such averment the terms of the instrument could not be varied or contradicted by prior or contemporaneous parol agreements. In Stewart v. Gardner, 152 Ky. 120, 153 S. W. 3, 6, a defense similar to the defense invoked in the present case was pleaded, but was disallowed. The court said:

"In the instant case the defendants are sensible, intelligent men. They knew when they executed the notes that they were entering into an unconditional promise to pay the money therein specified. They did not allege or prove by clear and convincing evidence that any fraud was practiced on them, or that the notes were executed by mistake. It is simply an attempt to vary the terms of two written contracts by contemporaneous parol declarations. This cannot be done."

Among other cases to the same effect are Wilhoit v. McCubbin, 250 Ky. 60, 61 S. W. (2d) 897; Davis v. Poulos, 237 Ky. 763, 36 S. W. (2d) 373; Phelps v. Home Owned Stores, 242 Ky. 531, 46 S. W. (2d) 1090.

The set-off in paragraph four was pleaded only by the defendant Lena W. Daniel. The claim, if valid, was hers alone. A demand, to be the subject matter of set-off, must be mutual between all the parties to the action; that is, the claim must be due to and from the same parties and in the same capacity. 24 R. C. L. 858; Lee v. Russell, 38 S. W. 874, 18 Ky. Law Rep. 951; Supreme Liberty Life Insurance Company v. Ridley's Adm'r, 261 Ky. 403, 408, 87 S. W. (2d) 940, 101 A. L. R. 1511. In Lee v. Russell [38 S. W. 875, 18 Ky. Law Rep. 951] it was said:

"As a question of pleading, 'the original cause of action sued on and a set-off must be mutual demands between the same persons, and in the same right. A joint debt cannot be set off against a separate demand, nor a separate demand against a joint one.'"

We conclude that the demurrer to the answer, counterclaim, and set-off as amended was properly sustained, and the motion for an appeal of Virginia Daniel and Daniel's Cash Store is overruled, and the judgment as to them is affirmed. The judgment is also affirmed on the appeal of Lena W. Daniel.