## Hurst et al. v. White.

June 18, 1943.

Marion Rider for appellants.

Williams & Allen for appellee.

Opinion of the Court by Judge Sims—Affirming.

Plaintiff, Ollie Hagins White, brought this action against defendants, Pauline, Vernia and Dorothea Hurst, on a note they executed to her on November 17, 1936, by which they promised and agreed to pay her $3,000 one year after date with 6% interest per annum, interest payable semi-annually, secured by a mortgage of even date covering the minerals in about 2,000 acres and the fee in some 400 acres, all located in Breathitt County. The chancellor gave a personal judgment against defendants as makers of the note and directed the land and the minerals to be sold, and plaintiff became the purchaser. Defendants ask that the judgment be reversed because: (1) A demurrer was sustained to their answer; (2) the judgment directed the sale to be advertised in the newspaper, unless waived in writing by defendants, and the report of sale showed neither a waiver nor newspaper advertisement; (3) the judgment by ordering the master commissioner to sell the land when directed by plaintiff or her attorney did not fix the time of sale.

The first paragraph of the answer admitted the execution of the note. The second paragraph averred that at the time the note was executed plaintiff agreed with defendants that collection thereof would not be enforced "for a period of at least five years," and the note was not due and plaintiff's action was premature. The chancellor properly sustained a demurrer to this second paragraph because an answer alleging a contemporaneous agreement inconsistent with the written contract sued on, which is clear and unambiguous in its terms, is demurrable in the absence of a plea of fraud or mistake or that the writing does not contain the whole agreement. Simons v. Douglas' Ex'r, 189 Ky. 644, 225 S. W. 721; Wilhoit v. McCubbin, 250 Ky. 60, 61 S. W. (2d) 897; Daniel v. Wilhoit, 289 Ky. 79, 158 S. W. (2d) 153.

The fact that there was no newspaper advertisement of the sale as directed by the judgment does not render the sale void but is a ground for exceptions for which the

sale should be set aside. Caudle v. Luttrell, 183 Ky. 551, 209 S. W. 497; Dallas v. First Nat'l Bank, 200 Ky. 826, 255 S. W. 835. But in the instant case defendants filed no exceptions to the master's report of sale, therefore it is too late on this appeal for them to complain on this score. Beale v. Stroud, 191 Ky. 755, 231 S. W. 522; Miller v. Title Ins. & Trust Co., 278 Ky. 598, 129 S. W. (2d) 163; Owens v. Witmer Co., 275 Ky. 439, 121 S. W. (2d) 966.

In support of their contention that the judgment in providing that the commissioner conduct the sale when directed by the plaintiff did not fix the time of sale as provided by Section 696 Civil Code of Practice, defendants cite Meyer v. City of Covington, 103 Ky. 546, 45 S. W. 769; Faught v. Henry, 13 Bush 471, 76 Ky. 471; Lawless v. Barger, 9 Bush 665, 72 Ky. 665. An examination of these authorities reveals they hold that the judgment should specify the time, terms and place of sale and the real estate ordered sold should be sufficiently described so as to enable the bidder to know with reasonable certainty what property is offered for sale, and the judgment should be so certain and specific in its directions to the commissioner that he may conduct the sale without reference to any other papers in the case. It is evident those opinions have no application to the case at bar, since it is not doubted that the decree is sufficiently certain as to the time, terms and place of sale, and it specifically describes the land to be sold.

We cannot agree with defendants that the judgment does not fix the time of sale but delegates that authority to plaintiff by reciting "the master commissioner of this court will, when directed so to do by the plaintiff, or her attorneys, expose said property for sale at public auction at the court house door in the town of Jackson, on the first day of some regular county or circuit court day." No exceptions were filed by defendants to the commissioner's report of sale and there is nothing in the record showing that the rights of defendants were prejudiced by reason of the commissioner selling the property on the day he did. The commissioner has a reasonable discretion as to the time and manner of making a sale insofar as he is not restricted by law or the judgment of the court. Head v. Clark, 88 Ky. 362, 11 S. W. 203; Leavell v. Carter, Ky., 112 S. W. 1118; Crawley v. Manion, 191 Ky. 12, 228 S. W. 1032.

The policy of the law is to sustain judicial sales unless substantial reasons are shown for setting them aside. In the case at bar it does not appear that the commissioner abused his discretion as to the day on which he conducted the sale and as there was no reason, substantial or otherwise, assigned for setting aside the sale, it will have to stand.

The judgment is affirmed.