## Colston et al. v. Mitchell's Adm'x et al.
## Same v. Kimbell et al.

Nov. 26, 1943.

Dulin Moss and Phillip Ardery for appellants.

James P. Hanrahan for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The first of the above captioned appeals is from a default judgment entered on June 16, 1934, in an action foreclosing a mortgage on an undivided one-half interest in a residential property; from an amendment to that judgment entered on December 5, 1934, specifically des-

ignating the date on which the property was to be sold; and from an order entered February 21, 1942, refusing to re-docket the case and permit the filing of an answer tendered September 5, 1939, attacking the sale on the grounds that the defendant had no notice thereof, and that the property sold for less than two-thirds of its appraised value. On this appeal it is argued, primarily, that the original judgment was void because it did not name a specific date of sale, but merely directed the Commissioner to sell the property on the "first day of a regular term of the Franklin County or Circuit Court of said County," and that the amended judgment was void because it was entered without notice to the defendant, arguments to which our opinion in the case of Hurst et al. v. White, 295 Ky. 123, 174 S. W. (2d) 3, furnishes a complete answer. Other alleged irregularities are complained of, but since none of them was sufficient to render the judgment void and the parties, though sui juris and properly before the Court when the judgment was rendered, failed to except to the report of sale which was confirmed on September 7, 1936, it is obvious that the Chancellor's order refusing to re-open the case was proper.

The second of the above captioned appeals is from a judgment rendered on October 1, 1937, directing a sale of the same property in a subsequent action instituted under Section 490, Civil Code of Practice, by the purchaser of the undivided one-half interest sold at the above mentioned foreclosure sale; and from an order entered February 21, 1942, overruling a motion filed on October 21, 1939, to set aside the sale held pursuant to the judgment and allot a homestead in the property to the original joint owners. We know of no law which would permit a joint owner to claim a right of homestead against his co-owner, and thus defeat the right of the latter to coerce a sale for division of the proceeds. Other alleged irregularities in the proceedings in the second suit, insufficient to render the judgment void, are complained of, but, as in the case first captioned, the objections come too late, since the parties were sui juris and properly before the Court when the judgment was entered and the sale was confirmed without objection or exception on April 14, 1938.

The judgments in each case are affirmed.