## McBride et al. v. Dewey Portland Cement Co.

May 30, 1944.

Wm. A. Armstrong for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellee, Dewey Portland Cement Company, instituted this action to enforce the collection of certain real estate bonds through a foreclosure on the real estate pledged to secure their payment. The bonds were issued by an individual, but their payment was guaranteed by the Consolidated Realty Company, Incorporated, of Louisville. On the same day the bonds and mortgage were executed, the individual executed a deed to the Realty Company to the pledged property so the Company became both owner and grantor. The bonds were issued in 1926 and were due and payable in five years. The Realty Company went into bankruptcy in 1935. The trustee in bankruptcy conveyed the property pledged to secure the bonds to the appellant, Tillie McBride, wife of L. B. McBride, the other appellant. The conveyance was made subject to all liens against the property. Some of the original issue of 20 bonds were paid, but the Shelby County Trust & Banking Company, trustee of the bonds, had done nothing to enforce the collection of the outstanding bonds prior to the filing of this action. Bonds Nos. 6 through 16, and Bonds Nos. 18 and 20, totaling $6500, belonged to Tillie McBride. However, they were assigned by L. B. McBride to the appellee in 1938 to secure the payment of a $5000 note which he and the Falls City Towing Company, a corporation, had executed to the appellee. L. B. McBride owned practically all of the stock of the Towing Company. When the $5000 note was not paid the appellee instituted this action to foreclose the mortgage on the real estate which had been pledged to secure the payment of the realty bonds. Since some of the bondholders were unknown, the Shelby County Trust & Banking Company was made a party defendant. Tillie McBride, the owner of the realty, subject to the lien against it, was made a party defendant, and L. B. McBride was joined in the action because he

was the husband of the owner of the land. The appellants set up a plea of limitation on the ground the bonds had been negotiated, and, therefore were barred by the five year statute of limitations. KRS 413.120. L. B. McBride filed a counterclaim wherein he set forth the Falls City Towing Company, of which he was the owner, had entered into certain hauling contracts with the appellee which it had breached. He sought to recover approximately $75,000 therefor. The chancellor refused to permit the counterclaim to be filed. The property was ordered sold and the proceeds of the sale distributed to the bondholders.

A reversal of the judgment is urged on the grounds that (1) the plea of limitation was good; (2) the chancellor should have allowed the counterclaim of L. B. McBride to be filed; and (3) the allowance of an attorney's fee and expenses against unknown bondholders was improper and void.

The appellants take the position the bonds were negotiable instruments, and, since they were placed on the footing of a bill of exchange, they are barred by the five year statute of limitations. KRS 413.120. It is the position of the appellee that the bonds were not negotiable instruments. Whether they were or were not negotiable instruments seems to us not to be the controlling point. In the case of Gayle v. Greasy Creek Coal & Land Co., 249 Ky. 251, 60 S. W. 2d 599, wherein certain corporate real estate bonds were involved, it was pointed out the 15-year limitation statute and not the 5-year statute controls actions on bonds. See also the recent case of Tandy's Ex'rs v. Carlisle County, 296 Ky. 743, 178 S. W. 2d 591. It follows, therefore, that the plea of limitation was not good.

It is contended vigorously by L. B. McBride that, since he and the Falls City Towing Company were for all practical purposes one and the same, he should have been allowed to file his counterclaim. Civil Code of Practice, section 96. No personal judgment was sought in this action, but, as we have indicated, it was a direct proceeding to have the realty sold to satisfy the bonds. The only reason McBride was made a party was that he was the husband of the party who held title to the real estate sought to be sold subject to the liens against it. There was no action against the Towing Company, and it seems to us the chancellor properly refused to permit the coun-

terclaim to be filed. Any claim which the Towing Company might have had because of the alleged breach of contract should have been asserted by it, regardless of the amount of Towing Company stock McBride may have owned. Even if McBride's counterclaim be considered as a set-off, we find no support for the contention there was mutuality of parties and demands. This is essential before a set-off will be allowed. Supreme Liberty Life Ins. Co. v. Ridley's Adm'r, 261 Ky. 403, 87 S. W. 2d 940, 101 A. L. R. 1511; Daniel v. Wilhoit, etc., 289 Ky. 79, 158 S. W. 2d 153.

We turn now to the contention that the allowance of an attorney's fee and expenses against unknown bondholders was improper and void. We believe this contention to be without merit. The fourth paragraph of the bond follows:

"IV. Should there be default for thirty days in the payment of any part of said debt, or any interest thereon when due, according to the terms of said obligations and the terms hereof or should the said maker fail in any respect with reference to the insurance as provided in Item I above, or should fail on demand to pay any item referred to in item II above, then in any such case the holder or holders of said obligations, or any of them, shall have the right to declare the entire debt secured by lien retained herein as at once due and payable and may proceed to enforce the lien, and said lien in that case shall be enforced for the whole debt."

This provision expressly provides that in case of default the holders of the obligations, or any of them, shall have the right to declare the entire debt secured by the lien due and payable at once, and the lien enforced for the whole debt. This is what the appellee did. The attorney representing the appellee rendered services for all the bondholders as authorized by the provision of the bond just mentioned. Justice and equity demand he be paid for his services, to say nothing of the provisions of KRS 412.070. See also the case of Howell, etc., v. Highland Cemetery Co., 297 Ky. 659, 181 S. W. 2d 44. In that case an attorney was allowed a fee against all the holders of bonds issued by a school subdistrict for his services in establishing a fund for the payment of the bonds.. It is of some significance also that L. B. McBride purchased two of the bonds after the

sale and opposed the motion for an allowance for an attorney's fee.

It follows from what has been said that we are of the opinion the judgment should be and it is affirmed.