Louise HAYNES, Appellant,

v.

James K. FROEHLICH et al., Appellees.

Court of Appeals of Kentucky.

Dec. 3, 1954.

Jack A. Connor, Robt. E. Humphreys, Jr., of Humphreys, Jones, Beard & Connor, Owensboro, for appellant.

H. Randolph Kramer, Owensboro, for appellees.

STANLEY, Commissioner.

The appeal is from a judgment rendered upon a verdict for the defendants, James K. Froehlich and wife, in a suit upon their promissory note given the appellant, Louise Haynes, for $2,655 credited by several payments, which reduced the amount claimed to $1,938.75, with interest.

The attorney for the appellees, H. Randolph Kramer, has not filed a brief, although he has been repeatedly requested to do so. Under this condition we accept the appellant's statements of the case without examining the record. RCA 1.260; Skaggs v. Ohio Valley Rock Asphalt Co., 292 Ky. 758, 166 S.W.2d 1005.

380

J. Millard Haynes, appellant's husband, is a building contractor. The defendant, Froehlich, is her brother and was employed as a carpenter by her husband. Haynes erected a dwelling house for the Froehlichs and conveyed it to them. The note was executed to his wife in satisfaction of the balance due for the property after the application of proceeds of a mortgage loan. The note was executed simultaneously with the closing of the loan.

The appellees admit receiving the deed to the house, executing the note and making several payments on it. Release from the obligation was sought by pleading no consideration. The burden was, of course, on the defendants to sustain their plea by competent evidence. Their evidence was directed toward proving the agreed cost of the house, that the sum actually owed Haynes was less than the note and that it was never intended that it should be paid. There was no plea of fraud or mutual mistake. So far as the appellant's statement in her brief goes, there was no claim in the pleading or in the evidence of a pro tanto avoidance. The defendants claimed they owed neither the payee nor her husband anything although they had made substantial payments on the note without raising any question about it. See Silver v. Overhead Door Co., 311 Ky. 650, 225 S.W.2d 115. They attempted to explain away the obligation by saying it was never intended that the note should be paid, and that it was given to Mrs. Haynes as a favor to her husband, who had said it was being executed in connection with the transaction so he would not get into some tax trouble.

It is well settled that evidence of a contemporaneous parol promise made to the payor of a note that he would not be bound by it is inadmissible and will not be permitted to defeat the positive and unqualified written promise of a promissory note. Davis v. Poulos, 237 Ky. 763, 36 S.W.2d 373; Citizens National Bank of Glasgow v. Damron, 286 Ky. 43, 149 S.W.2d 762.

 We are of opinion the trial court should have directed a verdict for the plaintiff because the defendants failed to prove by competent evidence their plea of no consideration.

The motion for an appeal is sustained and the judgment is reversed.