## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT NASHVILLE

**MAY 1999 SESSION**

**FILED**

**October 13, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **FRANK BARNARD**, | * | C.C.A. NO. 01C01-9807-CR-00296 |
| APPELLANT, | * | DAVIDSON COUNTY |
| VS. | * | Hon. Steve Dozier, Judge |
| **STATE OF TENNESSEE**, | * | (Post-Conviction) |
| APPELLEE. | * | |

For Appellant:

Kyle L. Marquardt
Attorney for Appellant
211 Printers Alley, Suite 502
Nashville, TN  37201-1414

For Appellee:

Paul G. Summers
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN  37243-0493

Georgia Blythe Felner
Counsel for the State
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN  37243

John Seaborg
Washington Square Bldg.
Assistant District Attorney General
222 Second Avenue North
Nashville, TN  37201-1649

OPINION FILED: _____

AFFIRMED - RULE 20

NORMA MCGEE OGLE, JUDGE

## OPINION

The petitioner, Frank Barnard, appeals the dismissal of his petition for post-conviction relief by the Davidson County Criminal Court on June 11, 1998. On November 13, 1992, the petitioner was convicted by a jury in the Davidson County Criminal Court of first degree murder, felony murder, robbery, and aggravated sexual battery. The trial court merged the felony murder count with the first degree murder count because they arose from the same offense. The petitioner filed a Motion for Judgment of Acquittal and Motion for New Trial. The trial court denied the motion on all grounds except the trial court reversed the robbery conviction.[1] On September 1, 1994, this court affirmed the petitioner's convictions and on November 24, 1994, our supreme court denied further review. State v. Barnard, 899 S.W.2d 617 (Tenn. Crim. App), perm. to appeal denied (Tenn. 1994).

On July 31, 1997, the petitioner, Frank Barnard, filed a *pro se* petition for post-conviction relief in the Davidson County Criminal Court. The trial court appointed counsel and the petitioner filed an amended petition for post-conviction relief on October 21, 1997. On June 5, 1998, the trial court conducted a hearing to determine if the statute of limitations barred the petition. After the hearing, the trial court took the matter under advisement and entered an order denying the petition for post-conviction relief because the petition was filed beyond the applicable statute of limitations. Having thoroughly reviewed the record and the parties' briefs, we conclude that this an appropriate case for affirmance pursuant to Ct. Crim. App. Rule 20.

---

[1]As noted by the post-conviction court, the State has not sought to re-indict or pursue further prosecution on the robbery charge.

2

On appeal, the petitioner contends that the strict application of the one (1) year statute of limitations violates the petitioner's right to constitutional due process under the Fourteenth Amendment to the Constitution of the United States and Article I, Section 8 of the Tennessee Constitution. See Tenn. Code Ann. § 40-30-202 (1997). The petitioner does not argue that one of the exceptions to the statute of limitations applies in his case. In essence, the petitioner argues that when his conviction became final on November 28, 1994, he had three years within which to file a petition for post-conviction relief. When our legislature amended the period of limitation in 1995 to the shorter one year period, the petitioner was incarcerated and without legal counsel to advise him of the new shorter statute of limitations. The petitioner further argues that, because of his ignorance of the new law, he should have the original three year period within which to file a petition. Moreover, the petitioner contends that applying the shorter, one year limitations period denies the petitioner due process of law.

The petitioner's convictions became final on November 28, 1994. At that time, under the existing Post-Conviction Procedure Act, the petitioner had three years from the date his convictions became final to file his petition for post conviction relief. See Tenn. Code Ann. § 40-30-102 (1994 Repl.) However, our legislature enacted the 1995 Post-Conviction Procedure Act which shortened the statute of limitations period to one year. See Tenn. Code Ann. § 40-30-202 (1997). Therefore, the petitioner had one year from the effective date of the new statute (May 10, 1995) to file his petition for post-conviction relief. The petitioner failed to do so. Furthermore, this court has previously stated that the application of the one-year statute of limitations for filing petitions for post-conviction relief does not violate due process in a situation where the three-year statue of limitations had been in effect at the time the petitioner's convictions became final. Carothers v. State, 980

3

S.W.2d 215, 218-218 (Tenn. Crim. App. 1997); Holston v. State, No. 02C01-9609-CR-00298, 1997 WL 421212, at *1-2 (Tenn. Crim. App. at Jackson, July 28, 1997). Moreover, this court has stated that application of the one-year statute of limitations affords a reasonable opportunity for similarly situated petitioners to file for post-conviction relief within one year of the statute's effective date. Id. Tennessee courts have consistently held that ignorance of the law does not excuse the untimely filing of a petition for post-conviction relief. Dyer v.State, No. 03C01-9712-CR-00515, 1998 WL 667872, at *1 (Tenn. Crim. App. at Knoxville, September 23, 1998). Accordingly, we affirm the judgment of the post- conviction court pursuant to Ct. Crim. App. Rule 20.

_____

Norma McGee Ogle, Judge

CONCUR:

_____

David G. Hayes, Judge

_____

Jerry L. Smith, Judge