## Caudle, et al. v. Luttrell, et al.

(Decided February 7, 1919.)

### Appeal from Christian Circuit Court.

1. Judicial Sales—Collateral Attack.—A separate action instituted after the term at which a judicial sale of real estate is reported and confirmed, by parties defendants to the action in which the sale was ordered and confirmed, who knew of the sale before confirmation, but did not file exceptions thereto, to set aside the sale and confirmation thereof, is a collateral attack thereof, unless brought under some provision of section 518 of the Civil Code, and can not be maintained unless the judgment of confirmation is absolutely void.

2. Judicial Sales—Irregularities in—Confirmation—Exceptions.— Mere irregularities or errors in the advertisement and appraisement do not render the sale or confirmation thereof void, but voidable only, and to be available must be taken advantage of by exceptions filed to the report of the sale.

C. H. BUSH, HUNTER WOOD & SON and JOHN STITES for appellants.

THOMAS P. COOK for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal from a judgment which set aside a judicial sale and confirmation thereof, entered in another suit at a previous term of the Christian circuit court.

In 1911, appellees, F. E. Luttrell and his wife, Sallie Luttrell, purchased of Beasley and Locker, a farm in Christian county, containing about 210 acres, for which they promised to pay $1,500.00. By agreement with the vendors, they sold off about 27 acres of timber land for $400.00, and this amount was credited upon the purchase money lien notes, leaving appellees with about 183 acres, with a lien thereon for $1,100.00. Later B. A. Caudle recovered against F. E. Luttrell, a judgment for $100.00, with interest and costs, and the execution which issued thereon not having been satisfied, he brought an action to subject F. E. Luttrell's undivided one-half interest in the land for the payment of his debt, subject however to the purchase money lien of Beazley and Locker, who were also made defendants, upon the whole of the land. F. E. Luttrell and Sallie Luttrell, his wife, were served with summons, and by counsel entered a demurrer to the petition, which was overruled, and they did not answer.

Beazley and Locker set up their purchase money lien upon the whole of the land, of which about $700.00 was still due and unpaid. At a later term of court, no defense having been interposed by Luttrell and wife, a default judgment was entered against them for the unpaid portion of the purchase money due Beasley and Locker, and ordering a sufficiency of the land to be sold to satisfy this judgment, and a sufficiency of F. E. Luttrell's undivided one-half interest in the remainder of the land to be sold to satsfy Caudle's judgment.

Pursuant to this order of sale, the master commissioner of the court sold to appellant, R. A. Lindsay, 107 acres of the land, including all improvements, for the amount of the Beazley and Locker judgment, and F. E. Luttrell's one-half interest in the remaining 76 acres, for the amount of Caudle's judgment. This sale was made on Monday, the 19th day of June, 1915, as directed by the judgment. The master filed a report of his sale, stating therein that prior to the sale he caused it to be advertised as directed by the judgment, and had the land appraised by two disinterested housekeepers of the county, who appraised the whole 183 acres at $1,600.00, the 107 acres which was sold to satisfy the Beazley and Locker debt amounting to $719.00, at $1,070.00, and the remaining 76 acres, one-half of which was sold at $179.83, to satisfy Caudle's debt, at $530.00. This report was filed by the master in term time on the 30th day of June, 1915, and passed for exceptions to July 3rd, when, no exceptions having been filed, the sale was confirmed.

R. A. Lindsay, the purchaser of both tracts, thereafter paid his purchase bonds and procured a deed from the master commissioner on the 6th day of November, 1915, after the same had been produced and approved in open court; and at the same time a writ of possession was awarded to him for the 107 acre tract. In December, 1915, Lindsay sold to appellant, C. W. Clark, the 107 acre tract thus purchased by him. On the 26th of May, 1916, appellees, F. E. Luttrell and wife, filed this independent action against Lindsay, Caudle, Beazley and Locker, and later by amended petition against Clark, seeking to set aside the sale and confirmation thereof in the former action, and to cancel the deeds to Lindsay and Clark, alleging that both the sale and confirmation were void because the master had not advertised the sale as directed by the judgment; the appraisers who were se-

lected and attempted to act as such were not qualified as required by law; no appraisement was made after the sale of the separate tracts sold; the land was worth $3,500.00 rather than $1,600.00, at which it was valued in the attempted appraisement, and that upon a fair valuation it was sold for less than two-thirds of its value; that neither of the plaintiffs, F. E. Luttrell or his wife, knew of or were present at the sale, but "were told that day that it had been sold," and this was all they knew about it; they admit that the judgment and order of sale were regular and proper and do not seek to disturb either, nor do they offer any explanation or excuse for failing to file exceptions to the sale, although admitting they were parties to the action, and were informed of the sale the day it was made.

On the 26th of June, 1916, lacking just two days of being one year after the sale of the land, appellees tendered to R. A. Lindsay the requisite amount to redeem the land if they had an equity of redemption therein, and this tender was rejected by Lindsay. A demurrer was filed to the petition, but was not acted upon, and issue was joined upon all of the alleged irregularities in the sale.

It is apparent that this action seeking to set aside a judicial sale and confirmation thereof in an independent action, and after the term at which the sale was confirmed, is not within any of the provisions of section 518 of the Civil Code, permitting a modification or vacation of a judgment by the court after the term at which it was rendered, and hence is a collateral attack upon the judgment which confirmed the sale, maintainable only if that judgment is absolutely void, but not if it is simply irregular or erroneous. Commonwealth v. Harkness's Admr., 181 Ky. 709; Baker, et al. v. Baker, Eccles, &c., 162 Ky. 683; Harrod, et al. v. Harrod, et al., 167 Ky. 308.

The master's report shows that the land as a whole and each portion sold, were separately appraised, and that each tract sold brought at the sale more than two-thirds of its appraised valuation; that the sale was advertised by the requisite number of hand bills posted at the court house door and in the vicinity of the land, and by advertisement in three issues of the Kentucky New Era, as directed by the judgment; that the appraisers were qualified and appraised the land and each portion thereof sold, as required by law. Upon these questions of fact

raised by the pleadings, the evidence is contradictory, except it is shown conclusively that one of the appraisers was not a housekeeper, as required by law, although a farmer and resident of the county. We think the evidence preponderates that the advertisements were made as directed by the judgment, while upon the issue of whether or not the tracts as sold were thereafter separately appraised as required by law, the evidence is not convincing either way; but all of these alleged irregularities, if established, only render the judgment voidable and not void, and were available to avoid the sale and prevent its confirmation only if presented by exceptions filed to the report thereof, unless an attack is made under some of the provisions of section 518 of the Civil Code, which is not the case here, since appellees in their petition admit they were parties to the action; that the court had jurisdiction of the subject matter and the parties; that they knew of the sale upon the date thereof, and no explanation or excuse is offered for the failure to file exceptions to the report of the sale and have the matter determined in the original action. This rule is so thoroughly established in this jurisdiction by numerous decisions that it seems almost superfluous to make a citation of cases.

In the case of Costigan, &c. v. Truesdale, &c., 26 K. L. Rep. 972, it was said:

"This court has repeatedly held that a mere inadequacy of price is not sufficient to set aside a sale. If it had been a good ground for setting aside the sale the question was raised too late, as the sale had been confirmed months before. Except upon grounds stated in section 518, Civil Code of Practice, the court was without power to set aside the sale after it had been confirmed."

In Dawson v. Litsey, 10 Bush 408, this court said:

"The commissioner acts in selling the property as the agent of a judicial officer, and in pursuance of the mandatory clause of the judgment. He is directed to accept bids for the property, to be approved or rejected in the exercise of a legal discretion by the chancellor; and if in the opinion of that officer the commissioner has transcended his authority, his report of sale is rejected, and if not it is confirmed. The order of confirmation is a judicial recognition of the right of the commissioner to make the sale as reported, and is such a final order as may

be appealed from by the party aggrieved. The chancellor alone is to judge of the validity of such sales, and the true test in all such cases is, did the court have jurisdiction of the parties and the subject matter of the action when rendering the judgment; if so, it determines the rights of all the parties to that, so long as it remains unreversed.''

And further along in the same case:

''The sale having been made and confirmed by a court of competent jurisdiction, it can not be assailed in a collateral proceeding.'' See also Bank of Cerulean Springs v. Gardner, 134 Ky. 632.

The cases cited and relied upon by appellees, such as Angel v. Byers, 153 Ky. 208, are not applicable since they treat of sales under execution by ministerial officers, with reference to which a very different rule applies for a most potent reason, as was explained in the case of Dawson, &c. v. Litsey, *supra,* wherein the court said upon this question:

''There is no question but what such a sale made by a sheriff would be a nullity, and pass no title to the purchaser, but there is a well recognized distinction between a sale made by a sheriff, under an ordinary execution, and a sale made by a commissioner, and confirmed by the court, the one being a ministerial and the other a judicial act.''

It is therefore apparent that the chancellor was in error in this collateral proceeding, in setting aside the sale and confirmation thereof entered at the previous term in another suit, for an irregularity which if established, did not render the sale void but voidable only, and consequently it was also error to cancel the deeds to Lindsay and Clark.

Wherefore the judgment is reversed and cause remanded with directions to dismiss the petition.