## Sexton et al. v. Dorman, Banking Commissioner et al.

Jan. 28, 1941.

Napier & Napier for appellants.

A. B. Combs for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellants, M. C., Alice, W. M., C. R., and Thomas B. Sexton, instituted this proeeding in December, 1935, to vacate the judgment in consolidated actions against M. C. Sexton and his wife, Alice, and against W. M. Sexton and others by the State Banking Commissioner. The latter actions were instituted in August, 1934, by the Banking Commissioner in winding up the affairs of the closed Bank of Wayland. While the original actions, Nos. 5320 and 5327, were made a part of the petition to vacate the judgment, the appellants did not make those records a part of the record now before us. There is pending a motion of the appellees to file those records (5320 and 5327) as a supplemental transcript. Under these circumstances we think this motion should be and it is sustained.

Apparently the action before us was intended to be brought under Subsection 4, relating to fraud, and Subsection 7, relating to casualty and misfortune, of Section 518 of the Civil Code of Practice. The reasons for asking that the judgment be set aside are summarized as follows: (1) The judgment was taken against W. M. and Thomas B. Sexton, both of whom were nonresidents; (2) the former actions were consolidated before any process had been issued against W. M. and Thomas B. Sexton and judgment was taken against them and their co-defendants before suit was filed against the former parties; (3) no notice of sale was posted on the property, or upon the court house door, before the sale was had; (4) the sale was had before the property was appraised; (5) the Floyd circuit court had no jurisdiction of the property referred to in the second mortgage, because all of it was in Knott county; and (6) certain lots in the town of Estill were sold without advertisement and appraisal. The charge is that the obtention of the judgment and order of sale as referred to in points 1 to 5 inclusive, was fraudulent and was obtained under circumstances and conditions over which the Sextons had no control or power to resist.

The appellees demurred to the petition as amended and filed a motion to strike same as sham pleadings. The trial court, taking the position that neither the petition nor the amended petition stated facts sufficient to constitute a cause of action and that the petition and amended petition were sham pleadings, struck the pleadings from the files. The appellants declined to plead further and their action was dismissed; hence this appeal.

We will summarize briefly the circumstances involved in this litigation, as they are reflected in the records before us. M. C. Sexton was indebted to the Bank of Wayland. He and his wife had executed mortgages to the bank to secure the payment of this indebtedness. The first mortgage covered property in Floyd county, while the second one covered property in both Floyd and Knott counties. M. C. Sexton had also assigned a $5,800 Floyd county warrant to further secure the payment of his indebtedness. Action No. 5320 was instituted on the M. C. Sexton indebtedness. Action No. 5327 was instituted against M. C., Alice, Thomas B. and C. R. Sexton to recover on notes for $5,000 and $3,000

signed by all the Sextons as makers except Alice. The aforementioned mortgages executed by M. C. and Alice Sexton were also given to secure the $5,000 and the $3,000 notes. M. C. and Alice Sexton were served with summonses in both the actions and C. R. Sexton was served with a summons in the second action, but the summons issued against W. M. and Thomas B. Sexton was never served. The actions were consolidated and a default judgment was entered adjudging a recovery against M. C. and Alice on the indebtedness of M. C. Sexton, and against M. C., Alice and C. R. Sexton on the $5,000 and $3,000 notes. A lien was adjudged on all of the mortgaged property and it was ordered sold. No judgment was entered against W. M. and Thomas B. Sexton. According to the report of sale the property was duly advertised as directed in the judgment, and O. H. Stumbo, one of the appellees herein, became the purchaser. No exceptions to the commissioner's report were filed. According to that report the advertisement described certain lots by referring to the deeds under which the Sextons had obtained them. It appears from the supplemental transcript that two lots had been included erroneously in the judgment in the consolidated actions. The record shows that by agreement of the parties that judgment was corrected so as to exclude those two lots from the sale.

It appears from an examination of the records in actions 5320 and 5327 that there is no basis for any of the reasons given by the appellants in their petition seeking a new trial. It is clear that there was no allegation of fraud, casualty or misfortune sufficient to meet the requirements of Section 518 of the Civil Code of Practice. M. C., Alice and C. R. Sexton were before the court in the consolidated actions. There was final judgment in those actions from which they could have appealed. Even if the complaints now raised were well founded, the judgment in the consolidated actions would be voidable and not void, and therefore not subject to collateral attack. Caudle v. Luttrell, 183 Ky. 551, 209 S. W. 497. It is our conclusion, therefore, that the action of the trial court in sustaining the demurrer and dismissing the appellants' petition, upon their declining to plead further, was correct.

Wherefore, the judgment is affirmed.