## JUSTICE et al. v. GRAHAM.

Court of Appeals of Kentucky.
Feb. 8, 1952.

136

Cam Mullins, Pittsburg, for appellants.

William Lewis, W. J. Weaver, London, for appellee.

STEWART, Justice.

Prior to February 19, 1926, Julia Graham, plaintiff below, was the owner by deed of Tract No. 1 of 2 acres and Tract No. 2 of 4.75 acres and her husband, Ed. Graham, now deceased, had title by deed to Tract No. 3 of 5 acres, all of which land is located in Laurel County. As a result of a suit against Julia Graham and her husband foreclosing a mortgage placed by them on the property and a judgment ordering a sale thereof, a commissioner's deed, dated February 19, 1926, embracing these three tracts was executed and delivered under order of court to one George Swaner. On February 19, 1930, Swaner deeded the property to one R. C. May; and on May 31, 1937, May and his wife conveyed the land to defendants, James Justice and his wife, Nora Justice. It was not until the three tracts were acquired by James and Nora Justice that ownership was ever asserted over the property by any one to whom it had been conveyed since the judicial sale. After the Justices purchased the land in 1937, they built a residence and made other improvements on Tract No. 3. They also tore down a fence around the three tracts. Meanwhile, Julia Graham continued to live, and still lives, on Tract No. 1. The record is not clear whether James and Nora Justice ever took over, or Julia Graham retained, possession to Tract No. 2.

On April 21, 1944, Julia Graham filed this action to quiet her title to Tracts Nos. 1 and 2, alleging that she is the owner and in possession of these two parcels of ground. She averred in a petition and

amended petition that James and Nora Justice were acting as owners of her property by cutting down trees, by building fences and houses thereon and by attempting to cultivate the land. The Chancellor adjudged that Julia Graham had established title by adverse possession to Tract No. 1 and the east one-half of Tract No. 2; that the claim of James and Nora Justice to the same was void as champertous; and that James and Nora Justice had title by deed to the remainder of the three tracts. The Chancellor further decreed that the judgment in the mortgage foreclosure proceeding, dated February 17, 1925, directing the sale of the three tracts, be set aside and vacated in so far as it conflicts with the boundaries of the land adjudged in the instant case to be owned by Julia Graham, and that the commissioner's deed to Swaner under date of February 19, 1926, be cancelled and voided to the extent that it embraced any part of Tract No. 1 and the east one-half of Tract No. 2 awarded by the judgment to Julia Graham.

James and Nora Justice appeal, urging the following grounds for reversal: (1) That appellee did not have adverse possession of the land adjudged to her for 15 years next before the institution of this action; (2) that the Chancellor wrongfully decreed appellants' claim under their deed to Tract No. 1 and the east one-half of Tract No. 2 void as champertous; and (3) that the Chancellor erroneously vacated the judgment of the Laurel Circuit Court, dated February 17, 1925, and improperly voided the commissioner's deed to Swaner, dated February 19, 1926, in so far as the parcel of ground awarded to appellee was affected by them.

KRS 413.010 provides: "An action for the recovery of real property may be brought only within fifteen years after the right to institute it first accrued to the plaintiff, or to the person through whom he claims." The question is: Did appellee perfect title by adverse possession to any part of the land in controversy? Under certain facts that stand uncontroverted in the record, our answer is that she did not. We think this case cannot be distinguished in principle from Cryer v. McGuire, 148 Ky. 100, 146 S.W. 402, 404, wherein it was said that, "One who is upon his land when it is sold under a judicial proceeding, and who remains upon the land afterward, remains there impliedly as the tenant of, and not as hostile to, the purchaser under the proceeding." In Green v. Strubbe, 234 Ky. 380, 28 S.W.2d 469, 470, where as here the defendant in the judgment remained in possession of the land and it was claimed that his possession was adverse to the true owner, the doctrine just quoted was reaffirmed in this language: "The well-settled rule on the subject is thus stated in 2 C.J., p. 163, § 299: 'Where a defendant in a suit to quiet title remains in possession or assumes possession after a decree adverse to him and vesting title in another, his possession is presumed to be in subordination to the true owner and does not become adverse without express notice of his adverse claim brought home to said owner.' "

In the case at bar, Jim and Nora Justice moved upon the land in dispute in 1937, twelve years after it had been sold at the decretal sale. From the record it appears that all along they have exercised what amounts to complete dominion over the property, the only exception being that they have not forced Julia Graham to move off of Tract No. 1. It seems clear that she was allowed to remain on the place only because of her extreme age. The proof, which is very meager, conclusively establishes the fact, in our opinion, that Julia Graham's holding as against the Justices was amicable and that it has continued as such down to the present time.

Appellants next contend that the Chancellor erroneously adjudged their deed champertous and therefore void as to the parcels of ground decreed by the judgment to be in the adverse possession of appellee for more than fifteen years. Since appellee's possession of the land is consistent with and not hostile to the title, the deed of conveyance to Jim and Nora Justice of the three tracts was not champertous. Behrens v. Crawford, 108 S.W. 288, 32 Ky. Law Rep. 1281.

From the brief of appellee's counsel it seems that the Chancellor reformed

the judgment entered February 17, 1925, so that it would not affect any part of the land adjudged to be appellee's because, as alleged in the amended petition, the proceedings in circuit court with reference to the mortgage foreclosure were conducted in a fraudulent manner. This pleading seems to us to partake more of the nature of a collateral attack upon the judgment than to set forth alleged acts of fraud, but we have concluded to pass over the consideration of this question. It is to be noticed also that appellee does not seek relief from the judgment under any of the subsections of Section 518 of the Civil Code of Practice, and we shall not discuss this point. Appellee charged in substance in her amended petition that she and her husband were sued by one J. T. Riley on a note they had paid off; that a mortgage placed by them on the three tracts in controversy to secure the note was foreclosed; that no summons in this suit was served on her or her husband; and that a judgment was entered by default directing a sale of the land. She further claims that Riley and the sheriff and his deputy, acting in collusion, kept from her and her husband notice or information that the suit had been filed for the fraudulent purpose of causing the property to be sold and in order that she and her husband should be deprived of title to the three tracts. The amended petition failed to aver that appellee did not and could not by reasonable diligence discover the fraud relied upon by her until within five years before the commencement of this action.

It was proved beyond dispute that valid summons was duly and regularly served on appellee and her husband in the foreclosure suit and that neither of them appeared and interposed any defense thereto. The record in the case at bar is also devoid of any proof on the issue of fraud raised by the pleadings. Appellants affirmatively pleaded KRS 413.120 as a bar to any relief sought by appellee on the ground of fraud. This section provides that the right to maintain an action for relief or damages based upon fraud must be begun within five years after the cause of action accrued. In as much as appellee did not properly allege fraud

or establish fraud by any proof whatsoever, we are of the opinion that the issue of fraud injected by her into this case is governed by the rule stated in McCoy v. Arena, 295 Ky. 403, 174 S.W.2d 726, 729, wherein it was said that " * * * we have uniformly held that if the five year period is allowed to elapse, the plaintiff must allege and prove that the fraud or mistake was not only not discovered within the period, but that the same could not have been discovered sooner by the exercise of reasonable diligence." See also Elkhorn Coal Corp. v. Hite, 225 Ky. 735, 9 S.W.2d 1083.

The Chancellor also cancelled the commissioner's deed to Swaner, dated February 19, 1926, to the extent that it includes any portion of the property awarded by the judgment to appellee because it is claimed that the notices posted by the master commissioner, advertising the sale of the three lots, described each lot by setting forth its first call and then by referring to the judgment for a full description. We think the Chancellor acted without authority when he voided this deed in the manner outlined. No exceptions were filed to the report of sale made by the master commissioner under the judgment. The report was confirmed, and the commissioner was directed to execute and deliver the deed to Swaner. There was no defect in the judgment; there was only a failure, if it could be called such, on the part of the master commissioner to properly describe in posted notices the property ordered sold under the judgment.

Neither KRS 426.560 nor 696 of the Civil Code of Practice require the master commissioner in judicial sales to post written notices at the courthouse door and three other public places, unless the court so orders. Ward v. Vanhoose, 222 Ky. 135, 300 S.W. 337. On the other hand, even if written notices were ordered posted by the former judgment and such was not done by the master commissioner, this fact does not render the sale void but constitutes a ground for exceptions for which the sale may be set aside; and, since no exceptions were filed to the report of sale, it is too late in the instant case to complain. Caudle v. Luttrell, 183 Ky. 551, 209 S.W. 497.

See also Hurst v. White, 295 Ky. 123, 174 S.W.2d 3.

Wherefore, the judgment is reversed for proceedings not inconsistent with this opinion.