**W. L. CROWDER, Appellant,**

v.

**W. E. STINSON etc., Appellee.**

Court of Appeals of Kentucky.

March 25, 1966.

G. D. Milliken, Jr., Milliken & Milliken, Bowling Green, for appellant.

William G. Fuqua, Russellville, for appellee.

HILL, Judge.

This is an appeal from a $4,600 judgment entered pursuant to a jury verdict in appellee's suit to recover five percent real estate brokers' commission on the sale of appellant's 426-acre farm located near Franklin, Kentucky.

Appellant entered into a contract with appellee, a real estate broker, providing that appellee should have the exclusive right to sell the farm in question for three months and thereafter until appellee received a ten-day notice of revocation. Appellee caused the property to be advertised in Tennessee and a number of towns in Kentucky and showed the farm to Gentry Davidson but did not close the trade with him. A short time thereafter, appellant negotiated a sale of the farm to Davidson in the absence of appellee. The latter claimed commission and failing to collect filed this suit, the trial of which, before a jury, resulted in a verdict for appellee.

Appellant now contends the judgment should be reversed on the grounds that the contract was void because (1) it violated the provisions of a regulation of the Kentucky Real Estate Commission against exclusive listing, and (2) he was not furnished a "duplicate original" of the contract.

The judgment must be affirmed without getting to the merits. CR 8.03 provides:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * * *illegality* * * * and any other matter constituting an avoidance

or affirmative defense." (Emphasis added.)

Appellant's answer does not affirmatively or at all plead illegality of the contract. It it a general denial of the allegations of the complaint. Cf. Curry v. Stewart, 301 Ky. 645, 192 S.W.2d 739 (1945).

Notwithstanding the procedural pitfall mentioned above, the trial court submitted to the jury appellant's theory of the case, and it found for appellee. We think appellant has had his day in court and a fair trial.

The judgment is affirmed.