Aubrey FOLKS, Appellant,

v.

C. E. BELL, Appellee.

Court of Appeals of Kentucky.

Jan. 22, 1971.

Benjamin J. Lookofsky, Mayfield, for appellant.

Malcolm Boaz, Mayfield, for appellee.

EDWARD P. HILL, Jr., Judge.

This appeal is from a final order and judgment dismissing plaintiff's (appellant's) complaint with amendment.

The original complaint alleged the necessary elements to establish an easement over appellee's land by reason of fifteen years' adverse use thereof by plaintiff. Appellee's motion to make more definite and certain was sustained, and in obedience to the order sustaining the motion, the plaintiff filed an amended complaint in which he alleged:

"Plaintiff states that it is difficult to say whether or not he passed over the Old Mayfield-Wadesboro Road with the consent of the defendant since a substantial part of the time the defendant has caused, or his agents or representatives have caused, obstructions to be placed on said road, and the balance of the time there have been no hindrances to the egress and exit on the road, but a substantial part of the time plaintiff has been unable to have full use of said road."

Appellee takes the same position here as in the circuit court that by the amended complaint plaintiff admitted there was some interruption in plaintiff's adverse use of the passageway, and, therefore, with the amendment no cause of action was alleged. The trial court accepted this theory and sustained appellee's motion to dismiss the complaint and the amendment thereto. Appellant contends that the amendment specifies no date of the obstruction or interruption in appellant's adverse use, and therefore the original allegations of the standard elements of adverse use contained in the original complaint were not withdrawn or superseded by the amendment.

After the trial court announced its ruling dismissing the complaint, appellant

moved the court that he be permitted to file a second amended complaint. This motion was overruled by the court. It is not necessary that we determine whether the trial court abused a sound discretion in refusing to permit appellant to amend as we are reversing the order and judgment on the ground that the complaint stated a cause of action and the amended complaint did not change the complexion of plaintiff's cause of action.

For more than seventeen years, CR 8.01 has been in effect. This rule provides that pleadings "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a demand for judgment for the relief to which he deems himself entitled." This is all that is required. Kentucky Practice, Rules of Civil Procedure Annotated, Clay, Author's Comment 3, CR 8.01 states:

> "It is not necessary to state a comprehensive 'cause of action'. * * * The true objective of a pleading stating a claim *is to give the opposing party fair notice of its essential nature, the basis of the claimant's right, the adverse party's wrong, and the type of relief to which the claimant deems himself entitled."

CR 8.05 provides: "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required."

Under Kentucky Practice, Rules of Civil Procedure Annotated, Clay, Author's Comment 8 of CR 12.02, we find this statement:

> "[B]ecause pleading under these Rules has been liberalized, and pleadings should no longer be construed against the pleader, a motion to dismiss may not be as effective a weapon as was the general demurrer."

Woods v. Parsons, D.C.Neb., 7 F.R.D. 528, is cited.

We conclude that the allegations of the original complaint stated a cause of action and that the indefinite allegations of the amended complaint did not constitute a modification or withdrawal of the allegations of the amended complaint.

The opinion only reaches questions of sufficiency of the pleadings. The parties may still put the plaintiff's cause to the acid test by requests for admissions or by interrogatories and summary judgment procedure if applicable.

The judgment is reversed for proceedings consistent with this opinion.

All concur.