John H. BOONE, Appellant,

v.

Martha Ferry Boone GONZALEZ, Appellee.

Court of Appeals of Kentucky.

April 29, 1977.

W. Allen Schmitt, John T. Fowler, Louisville, for appellee.

Sidney Baer, Louisville, Clay & Clay, Danville, for appellant.

Before HOWARD, LESTER and PARK, JJ.

PARK, Judge.

This is an appeal from a judgment entered by the Jefferson Circuit Court awarding the plaintiff-appellee, Martha Ferry Boone Gonzalez, the sum of $9,500.00 and costs. The trial court had directed a verdict against the defendant-appellant, Mark M. Boone, a/k/a John H. Boone, on the issue of fraudulent misrepresentation of his marital status and submitted only the question of damages to the jury.

In her initial complaint filed January 18, 1972, the appellee alleged that she and Boone had been lawfully married on October 3, 1966, and sought a judgment of absolute divorce, division of the marital property, and alimony. The complaint was amended on September 8, 1972, alleging that the marriage between the two parties was bigamous and that she had been ignorant of the appellant's previous marriage. She sought annulment and again a division of property and periodic maintenance. A second amended complaint was filed April 13, 1973, seeking not only annulment but damages for the fraudulent misrepresentation of Boone's marital status. There being no denial by the appellant that his second marriage was bigamous, a decree of annulment was entered on July 2, 1973. Boone's response to the second amended complaint was filed November 27, 1973, and included a motion to dismiss the complaint on the ground that the action was barred by the statute of limitations under KRS 413.120 and 413.130. Boone affirmatively alleged that the appellee Gonzalez knew at the time of the purported marriage that Boone was already married.

This court need only consider the appellant's motion to dismiss on the ground that the claim of fraud was barred by the statute of limitations. The appellant elected to introduce no evidence, seeking only to impeach the testimony of Gonzalez as to the date she first learned their marriage was bigamous and the extent of her damages. The motion to dismiss was orally overruled by the trial court in chambers immediately prior to trial.

The appellant in arguing that this action is barred by the statute of limitations embodied in KRS 413.120 and 413.130 cites the court to two lines of cases: the first holding that an action for fraud must be brought within five years of the date of its perpetration or within five years of its discovery if in the exercise of ordinary care the plaintiff could not have discovered the fraud earlier and in no event beyond ten years from the commission of the fraud; the second holding that, when an action is brought beyond the initial five year period, the burden is on the plaintiff to allege and prove that the fraud was not discovered nor could have been discovered by the exercise of ordinary care within that period. See, e. g., *Gillardi v. Henry*, 272 Ky. 188, 113 S.W.2d 1158 (1938); *Justice v. Graham*, Ky., 246 S.W.2d 135 (1952).

The appellee argues that the defense of statute of limitations is unavailable to the appellant contending that there has been no affirmative pleading. CR 8.03. The authorities cited for this position are cases in which an affirmative defense had not been raised anywhere in the pleadings or in which the defense was raised by an improper party. See *Young v. Tackett*, Ky., 481 S.W.2d 661 (1972); *Johnson v. Lohre*, Ky., 508 S.W.2d 785 (1974); *Crowder v. Stenson*, Ky., 401 S.W.2d 761 (1966).

■ Although failure to plead the statute of limitations constitutes a waiver of that defense, if the complaint on its face shows that the action is barred by time the statute of limitations may be raised by a motion to dismiss. *Tomlinson v. Siehl*, Ky., 459 S.W.2d 166 (1970). The statutes controlling the time within which actions for fraud may be brought, KRS 413.120(12) and KRS 413.130(3), provide in effect that the action must be brought within five years of the date of discovery, but in any event within ten years of the date of the perpetration of the fraud. The appellee raised the issue of fraud for the first time in her second amended complaint filed on April 13, 1973. The complaint specifies the time of the alleged fraudulent misrepresentations as "on or about the third day of October,

1966." Nowhere in the complaint is a date of discovery alleged. Therefore, the six and one half year interval between the alleged fraud and the filing of the complaint places this action beyond the five year period allowed under KRS 143.120(12). The appellant raised the issue of the statute of limitations when in his answer to the second amended complaint he included the motion to dismiss.

■ It has long been the rule that in order to recover damages resulting from a recently discovered fraud, the plaintiff must allege the time and means of discovery, why earlier discovery had not occurred and the diligence exercised by the injured party to discover the fraud. 37 Am.Jur.2d Fraud and Deceit § 432. Kentucky has followed the general rule requiring that when an action is brought later than five years after the alleged perpetration of the fraud there must be an allegation and proof that the fraud was not discovered within the five years and by the exercise of ordinary care could not have been discovered within that time. *Justice v. Graham, supra.*

Gonzalez, on the other hand, contends that the subsequent adoption of the civil rules has superseded the holdings in the cases relating to the duty to plead the exception to the five year statute of limitations. In support of her position, she cites a number of cases which set out the philosophy behind CR 8, that of giving fair notice. Those cases are not concerned with actions for fraud. See *Cincinnati Newport and Covington Transportation Company v. Fischer*, Ky., 357 S.W.2d 870 (1962) (personal injury action). *Folks v. Bell*, Ky., 462 S.W.2d 895 (1971) (easement by adverse possession). Despite the appellee's argument to the contrary, the decision in *Madison County v. Arnett*, Ky., 360 S.W.2d 208 (1962), indicates that the adoption of the Civil Rules of Procedure has not relieved a plaintiff proceeding in fraud from the burden of pleading and proving the exception to the general statute of limitations. See also *Skaggs v. Vaughn*, Ky.App., 550 S.W.2d 574, decided this day. It should be

noted as well that CR 9.02 reflects a departure from "notice" pleading in that the circumstances of fraud must be pled with particularity.

■ The rules are somewhat relaxed when a confidential relationship exists between the parties. The statute of limitations does not begin to run until actual discovery of the fraud, there being no duty on the part of the injured party to exercise due diligence to discover the fraud. *Lemaster v. Caudill,* Ky., 328 S.W.2d 276 (1959); *Hernandez v. Daniel,* Ky., 471 S.W.2d 25 (1971). However, when the exception for confidential relationship is applicable, the pleader seeking to prosecute an action in fraud after the expiration of the general statutory time limit is not wholly relieved of the burden of pleading and proving that his tardiness is excusable. See *Wilson v. Wilson,* 199 Cal.App.2d 542, 18 Cal.Rptr. 768 (1962); *Bainbridge v. Stoner,* 16 Cal.2d 423, 106 P.2d 423 (1940); *Stark v. Equitable Life Assurance Society,* 205 Minn. 138, 285 N.W. 466 (1939) (by implication). *Schaefer v. Berinstein,* 140 Cal.App.2d 278, 295 P.2d 113 (1956).

■ Gonzalez's complaint is silent as to the date and circumstances of the discovery of the fraud. There is, however, ample evidence in the record that the appellee did not discover Boone's marital status until sometime after January 1972. Since the appellant elected to offer no affirmative proof and relied instead on an attempt to impeach the testimony of Gonzalez, her version of the date of discovery stands uncontradicted. No motion to amend has been made under CR 15.02. Gonzalez's attorney did make an oral offer to amend prior to the trial court's ruling on Boone's motion to dismiss, but trial court overruled the motion rather than permitting an amendment to the complaint. Since facts may exist which, had they been pleaded, would have cured the defects in the complaint, the proper procedure was to dismiss the complaint with leave to amend. This is consistent with the liberalized procedure under the civil rules. See *Sidebotham v. Robison,* 216 F.2d 816, 826 (9th Cir. 1954).

We conclude, therefore, that the decision of the Jefferson Circuit Court must be reversed and remanded with instructions to dismiss the complaint without prejudice to a further amendment.

All concur.