RENDERED:  AUGUST 5, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0932-MR

KENNETH E. FARRIS                                                    APPELLANT

v.
APPEAL FROM GRAYSON CIRCUIT COURT
HONORABLE BRUCE T. BUTLER, JUDGE
ACTION NO. 18-CI-00086

X-ACT HOMES, LLC                                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

COMBS, JUDGE:  This case involves enforcement of a mechanic's and

materialman's lien.  Kenneth Farris appeals the judgment of the Grayson Circuit

Court entered in favor of X-ACT Homes, LLC, following a bench trial.  Farris

argues that the circuit court erred by failing to consider statutory provisions of

Kentucky's Consumer Protection Act governing home solicitation sales and by

adopting, "virtually verbatim" the proposed findings of fact, conclusions of law,

and judgment tendered by X-ACT Homes. Having reviewed the entirety of the trial court record, we affirm.

In January 2017, Farris's home in Leitchfield sustained wind damage. He filed a claim with Kentucky Farm Bureau. A claims adjuster surveyed the damage and prepared a cost estimate for necessary repairs to the home's roof totaling $4,022.70.

In February 2017, Farris contacted X-ACT Homes by telephone to request an estimate of the cost to make the roof repairs. Scott Hawkins of X-ACT Homes inspected the roof damage and testified at trial that the parties agreed that X-ACT Homes would undertake the repair of the roof at an estimated cost of $5,366.00. The parties discussed options for the color of new shingles; products and supplies were delivered; and the repair work commenced on March 9, 2017. While the repairs were being made, X-ACT Homes encountered additional damage to the roof. As a result, X-ACT Homes made extra repairs to the roof before it installed the new shingles. Hawkins indicated that X-ACT Homes specifically declined Farris's further request that it repair damage to sheetrock in the interior of the house. After completion of the project, Farris expressed his satisfaction with the roof repairs.

Thereafter, X-ACT Homes submitted a final invoice totaling $5,980.00. Kentucky Farm Bureau supplemented its estimate for repairs and

agreed to issue payment for the entirety of the work undertaken by X-ACT Homes. However, Farris refused to pay the invoice submitted to him by X-ACT Homes and offered instead to remit only a percentage of the amount owed.

In April 2017, X-ACT Homes notified Farris that it would file a lien against the property unless the invoice was promptly paid. In May 2017, X-ACT Homes filed its lien and mailed a copy of the lien statement to Farris.

On April 3, 2018, X-ACT Homes filed an action in Grayson Circuit Court to enforce the lien. Farris answered the complaint and denied that X-ACT Homes completed the roof repairs in a workmanlike manner. He did not plead an avoidance or affirmative defense. However, he filed a counterclaim, alleging generally that X-ACT Homes failed to complete repairs as agreed by the parties. Written discovery began. In early 2021, Farris sent a letter to X-ACT Homes indicating that he intended to cancel any contract between the parties.

In March 2021, the parties advised the court that the matter was ready for trial. They waived a jury trial, and a bench trial was conducted on April 26, 2021. During presentation of the evidence, Farris reported that he had experienced a significant and lasting loss of memory. Nevertheless, he testified that he contacted X-ACT Homes to request help with the roof repairs. He admitted that he had no agreement with Scott Hawkins or X-ACT Homes with respect to the additional interior repair work that he requested be done. He testified further that

he had not negotiated with Scott Hawkins or X-ACT Homes with respect to the roof repairs and that he had no agreement whatsoever with Hawkins or X-ACT Homes concerning any of the repairs undertaken on his house.  He claimed that his insurance company had contracted with X-ACT Homes to complete the roof repairs.  A representative of Farm Bureau denied that it ever contracted for repairs to the properties of its insureds/members.

After presentation of the evidence, counsel for Farris requested leave to amend the pleadings to conform to the proof.  Expressing some frustration and confusion, counsel for X-ACT Homes asked what amendment Farris sought to make to the pleadings.  By way of explanation, counsel for Farris indicated only that the court had permitted the introduction of Farris's correspondence canceling any contract between the parties.  With no more explanation, the court granted Farris's rather indefinite request to amend.

In his closing argument, Farris's counsel contended that there was no contract between the parties because they had never reached a meeting of the minds.  In the alternative, he indicated -- for the first time -- that the transaction was subject to statutory provisions governing home solicitation sales; that X-ACT Homes failed to comply with the statutory requirements governing home solicitation sales; and that Farris effectively cancelled the contract before trial.

After closing arguments, the court ordered the parties to submit proposed findings of fact, conclusions of law, and judgment.

From the evidence presented, the circuit court found that Farris had contacted X-ACT Homes in an effort to obtain an estimate for the roof repair; that Scott Hawkins of X-ACT Homes responded to Farris's request for an estimate and inspected the roof damage; the parties agreed that X-ACT Homes would make the necessary repairs; that X-ACT Homes expressly declined to undertake additional interior repairs as requested by Farris; that the roof work was completed by X-ACT Homes in a timely and workmanlike manner as contemplated by the parties; and that Farris then refused to pay the contract price as required. The court concluded that Farris owed X-ACT Homes $5,980. Judgment in favor of X-ACT Homes was entered on June 14, 2021. Farris's motion to alter, amend, or vacate the judgment was denied. This appeal followed.

On appeal, Farris presents two issues. First, he contends that the circuit court erred by failing to conclude that the parties' transaction constituted a home solicitation sale subject to specific requirements outlined in Kentucky's Consumer Protection Act. Second, he argues that the circuit court erred by adopting findings of fact and conclusions of law prepared and tendered to the court by X-ACT Homes. We address these issues in the order in which they were presented.

Provisions governing home solicitation sales included in Kentucky's Consumer Protection Act are aimed at curbing coercive sales tactics occurring at a consumer's home. As used in the provisions of KRS[1] 367.410 to 367.450, the phrase "home solicitation sale" refers to a sale of goods or services in which the seller "engages in a personal solicitation of the sale at a residence of the buyer and the buyer's agreement or offer to purchase is there given to the seller[.]" KRS 367.410. The definition specifically excludes "a sale made pursuant to prior negotiations between the parties, by telephone initiated by the buyer or at a business establishment at a fixed location . . . ." *Id.* When a home solicitation sale occurs, the seller is required by statute to notify the consumer in writing of his right to cancel the sale. KRS 367.430. A seller is not entitled to compensation for any service undertaken pursuant to a home solicitation sale prior to its cancellation. KRS 367.450. It is undisputed that X-ACT Homes did not provide Farris with a written explanation of a right to cancel the parties' agreement.

Although Farris invoked provisions of Kentucky's Consumer Protection Act to avoid the contract, he did not plead or allude to these provisions in his answer to the complaint. The first allegation that the transaction constituted a home solicitation sale subject to the requirements of KRS 367.410 to 367.450 came when Farris's counsel briefly referred to the statute during his closing

---

[1] Kentucky Revised Statutes.

argument.  Farris has made no reply to the specific contention advanced by X-ACT Homes that he cannot rely on the statute's provisions where he failed to assert its requirements in his effort to avoid the contract.

Pursuant to the Kentucky Rules of Civil Procedure (CR), a party is required to plead affirmatively an extensive list of defenses -- including illegality of contract and any other matter constituting an avoidance of a claim asserted against him.  CR 8.03; *Crowder v. Stinson*, 401 S.W.2d 761(Ky. 1966).  Generally, failure to assert timely an affirmative defense waives the defense.  *Bowling v. Kentucky Dep't of Corrections*, 301 S.W.3d 478 (Ky. 2009).

Farris did not plead the requirements of the statute in defense of the action filed against him.  He attempted to amend the pleadings to conform to the evidence by verbal reference to the letter purporting to cancel the parties' agreement for the roof repairs.  That conduct utterly failed to afford X-ACT Homes fair notice of his new defense.  The attempt to assert the defense was both untimely and inadequate.  *See Rose v. Ackerson*, 374 S.W.3d 339 (Ky. App. 2012).  Consequently, Farris waived the alleged defense and failed to preserve the issue for our consideration.

Significantly, the undisputed evidence presented at trial shows that Farris -- not X-ACT Homes -- solicited (by telephone) the sale of goods and services required for the roof repair.  The circuit court did not err by decling to

recognize that the transaction constituted a home solicitation sale as defined by Kentucky's Consumer Protection Act.

Next, Farris argues that the trial court erred by adopting "virtually verbatim" the proposed findings of fact, conclusions of law, and judgment tendered by X-ACT Homes. He suggests that the circuit court failed to consider the evidence presented at trial. We disagree.

There is absolutely no indication that the circuit court failed to consider or properly weigh the evidence presented by the parties during the trial of this matter. There is no showing that the circuit court abdicated its fact-finding and decision-making responsibilities as defined by our rules of civil procedure. CR 52.01; *see Bingham v. Bingham*, 628 S.W.2d 628 (Ky. 1982); *T.R.W. v. Cabinet for Health and Family Services*, 599 S.W.3d 455 (Ky. App. 2019). Consequently, have found no reversible error.

We affirm the judgment of the Grayson Circuit Court.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Harry B. O'Donnell, IV | David B. Vickery |
| Louisville, Kentucky | Leitchfield, Kentucky |